CLYDE JONES, Complainant, Appellee, v. EDGAR
SEAL et al., Defendants, Appellants.
—409 S.W.(2d) 382.

Eastern Section. August 9, 1966.

Certiorari Denied by Supreme Court, November 21, 1966.

594

C. Frank Davis and Sam Jack Anderson, Morristown, for appellants.

Ralph H. Noe, Jr., and Taylor, Inman, Tilson & Line, Morristown, for appellee.

McAMIS, P. J.   This is a suit to rescind and cancel for fraud, duress and lack of consideration a deed executed by Morgan Jones on June 16, 1955, conveying the remainder interest in his farm to eight children of his sister. Complainant is the only child of the grantor. Defendants are the grantees in the deed. The Chancellor after a hearing on oral testimony sustained the bill and defendants have appealed.

At the time of the execution of the deed the grantor was 85 years of age. After the death of his wife in 1954, and until his death in 1964 he lived alone on the farm but took his meals with complainant who lived with his wife and son on an adjoining farm. The undisputed proof shows that a normal, affectionate relationship always existed between the grantor and complainant and his family and that complainant was a dutiful son. In addition to providing his meals, complainant took his father in his car to town and wherever he wished to go.

The deed recites a consideration of one dollar and love and affection. It was withheld from registration and secreted by defendants for a period of nine years and placed of record three days after the grantor's death. Complainant and Mr. Hale, a neighbor and confidante of

the grantor, were not aware of the execution of the deed until after the grantor's death. The bill was promptly filed following its registration. Defendants state in their answer that the deed was withheld from registration at the request of the grantcr but there is no proof to sustain this insistence.

The proof shows that on June 16, 1955, the date of the deed, and for as much as 30 years theretofore all of the grantees lived in Michigan except the defendant Bessie Seal Irwin who died, without having testified, while this suit was pending. Mrs. Irwin lived in Claiborne County, Tennessee, and visited her uncle, the grantor, about once a month. The other grantees visited him about once each year.

The proof shows that Mrs. Irwin's husband drove the grantor to Knoxville where the deed was executed on a printed form filled in on a typewriter and acknowledged before Mary H. Montgomery, a Notary Public. The bill alleges that on the same date defendants procured the execution of a will devising to them the same property covered by the purported deed. Defendants' answer admits the execution of the will. They failed to produce it in evidence or to call the Notary Public who acknowledged the deed or the witnesses to the will to testify in their behalf.

The record is completely devoid of any explanation of this most unusual and innately irrational and unreasonable act. Why would a father with a dutiful son who was showing every consideration for his welfare and physical needs practically denude himself of his property and convey it without any consideration to his nephews and nieces for none of whom he entertained any peculiar affection so far as the record shows?

Other questions remain unanswered, such as the reason for taking the grantor from Morristown to Knoxville to have the deed and will executed and then withholding the deed from record for nine years. In the absence of an explanation there can arise only the inference that such secrecy was to further defendants' scheme to defraud the grantor of his property. Secrecy, unexplained, has frequently been considered the hallmark of fraud. The absence of consideration also raises a presumption of fraud or, as sometimes said, is a badge of fraud, Talbott v. Manard, 106 Tenn. 60, 59 S.W. 340, and calls for proof to show that the conveyance was understandingly made.

"On a bill for recission because the consideration was grossly inadequate, the Court will inquire 1st, would a sane man, uninfluenced by some cause not explained, make such a contract; 2d, would the defendant if a fair man take such a contract; and 3d, if he would, ought a Court of Equity to permit him to do it." Gibson's Suits in Chancery, Fourth Edition Section 947.

We think the circumstances, including the advanced age of the grantor, placed the burden upon defendants to prove the bona fides of the transaction or, at least, remove the suspicion. Hartnett v. Doyle, 16 Tenn. App. 302, 64 S.W.2d 227; Gibson, supra, Section 1011; Anderson v. Nichols, 39 Tenn.App. 503, 286 S.W.2d 96.

It is said for defendants that since both Mr. and Mrs. Irwin died before the trial it was impossible for them to carry this burden. We can not agree. The contemporaneously executed will withheld by defendants may have shed some light on the condition of the grantor and his intention in executing the deed. And, there must have been witnesses to the will whose names are known

to defendants who, along with the Notary Public who took the acknowledgement to the deed, could have given valuable testimony about this transaction. In the absence of some explanation for not introducing these persons, we must assume their testimony would have been unfavorable to defendants. If Mr. Jones intended the deed to be a valid conveyance why did he think it necessary to make a will devising the same property? The will never offered in evidence may have explained this anomaly. Since it was withheld we must infer that the explanation would not have favored defendants.

In Anderson v. Nichols, supra, this Court in an opinion by Judge Shriver quoted with approval from 37 C.J.S. Fraud sec. 115, as follows:

"It is not essential that direct evidence of fraud be adduced; circumstantial evidence may be sufficient to establish it, and fraud may be proved by evidence wholly circumstantial, or by a combination of direct and circumstantial evidence, and, where in the face of inferences so strong as to make out a prima facie case of fraud defendant remains silent, plaintiff should recover. Where fraud is to be shown by circumstantial evidence, such evidence should be considered in its entirety without giving undue importance to isolated facts; although each circumstance alone may be trivial and unconvincing, the combination of all the circumstances considered together may furnish irrefragable and convincing proof of fraud. However, the facts and circumstances proved must clearly establish the inference of fraud."

For the reasons indicated we think the Chancellor reached the right result and it is unnecessary to consider

each of the assignments separately in this opinion. The decree is in all respects affirmed at defendants' cost.

Cooper and Parrott, JJ., concur.