**In re Ramez ZAHRALDDIN, Bankrupt.**

**Edna RACE and Darry Race, Plaintiffs,**

**v.**

**Ramez ZAHRALDDIN, Defendant.**

**Bankruptcy No. 78–00875.**

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

Dec. 13, 1979.

G. Rodney Sager, Richmond, Va., for Edna Race and Darry Race, plaintiffs.

William H. Haboush, Richmond, Va., for Ramez Zahralddin, bankrupt defendant.

## MEMORANDUM AND ORDER

BLACKWELL N. SHELLEY, Bankruptcy Judge.

Complainants pursuant to Bankruptcy Rule 701(4) timely filed a complaint herein on January 25, 1979 seeking to revoke the discharge granted the bankrupt on November 20, 1978. This matter, having been set for trial and heard on April 11, 1979, and briefs in argument having been submitted, is ready for determination.

█ The brief in argument submitted by the complainants presents an issue beyond the scope of the complaint and that matter should be disposed of preliminarily to the determination of the merits of the case. The complaint confined itself to the issue of discharge and the revocation thereof. Paragraph 4 tracks the language of § 15 of the Bankruptcy Act (11 U.S.C. § 33), and the prayer asks that the discharge be revoked and the complainants be granted relief generally. The brief extends beyond the issue of the revocation of the discharge of the bankrupt pursuant to § 15 of the Bankruptcy Act (11 U.S.C. § 33) because of his fraudulent conduct in obtaining said discharge. It reaches to the issue of non-dischargeability of particular debts pursuant to the relief that may be granted to creditors under § 17 of the Bankruptcy Act (11 U.S.C. § 35). Rule 15(a) of the Federal Rules of Civil Procedure made applicable by Bankruptcy Rule 715 in adversary proceedings allows amendments to the pleadings only by leave of court or by written consent of the adverse party. Subsection (b) of said rule allows issues not raised by the pleadings to be tried by express or implied consent of the parties. No leave was requested nor was any granted to allow the complainants to amend their complaint to allege that the conduct of the bankrupt was such that the complainants' debt should be determined to be non-dischargeable under said § 17; nor was that issue tried by express or implied consent at the hearing. Therefore, that issue is not before the Court and this late hour precludes a determination of the same in this proceeding.

We now proceed to the issue properly before the Court.

## FINDINGS OF FACTS

The Bankrupt had been previously involved in litigation with Darry Race and Edna Race. This litigation resulted in a judgment in their favor in the amount of $16,000.00 in the Circuit Court of Henrico County, Virginia on December 9, 1977. His bankruptcy petition was filed on August 21, 1978.

In order to prepare his petition in bankruptcy, he submitted to his attorney a list of creditors which included the following:

(10) Dary and Edna Race
14500 Aldengate Road
Richmond        $16,000.00

When the schedules were completed and filed in the bankruptcy proceeding, zip code 23235 had been added to the above listing. That debt together with 16 others, totaling $111,858.00 was listed on Schedule A–3 of the bankrupt's petition. On Schedule A–2 he listed three debts for $86,625.00.

The first meeting notice which included the notice of the time limitations within which discharge and dischargeability complaints under § 14 and § 17 of the Bankruptcy Act were to be filed was mailed to creditors on August 28, 1978 as indicated by the certificate of mailing in the Court's file.

The envelope containing said notice to Dary & Edna Race was returned to the Court on August 30, 1978 by the postal service with the notation "NO SUCH STREET." The notice of the discharge of the bankrupt was mailed in an envelope bearing the same address as the envelope containing the first meeting notice and was mailed on November 20, 1978 and received by Darry Race at 14500 Aldengate Road. Darry Race resides at 14500 Aldengate Road, Midlothian, Virginia 23113. Mail addressed to 14500 Aldengate Road, *Richmond,* Virginia 23113, would also have been received at that same address. Either address would have been correct.

Dary Race, whose name is spelled Darry Race, and Edna Race do not reside at the

same place and during all their business relationship with the bankrupt had lived at different addresses. Edna Race is the mother of Darry Race and is married to Milton Race. Milton Race and Edna Race reside at 5725 Boynton Place, Richmond, Virginia.

The telephone directory for Greater Richmond for the year 1978 reflects the following:

| "Race Darry M. | 14500 Aldengate Rd | 794–8079" |
| "Race Milton | 5725 Boynton Pl | 232–9295" |

There is no listing for Edna Race.

The suit in the state court was a joint suit by Darry M. Race and Edna H. Race against the bankrupt. Depositions in that suit state 14500 Aldengate Road as being in Midlothian, Virginia, and as the residence of Darry Race, and that Milton Race and Edna Race as living together and Milton Race's address as 5725 Boynton Place, Richmond, Virginia.

Mail addressed to a party in the area of Midlothian serviced by zip code 23113 will be delivered whether the number is preceded by "Richmond, Virginia" or "Midlothian, Virginia." Some areas of Midlothian Magisterial District also use a Richmond, Virginia prefix followed by zip code "23235." A current zip code directory would have revealed that the correct zip code for Darry Race would be 23113. Bankrupt did not resort to any directory other than that supplied by the local telephone company. The evidence does not disclose who added the incorrect zip code number to the address when the schedules were prepared. The telephone listing in the telephone directory makes no disclosure as to whether Darry Race had a Richmond or a Midlothian address. Metropolitan Richmond which includes the City and portions of the counties adjacent thereto, is divided into numerous zip code areas.

The bankrupt was aware that Edna Race was the wife of Milton Race and Darry

Race was their son. He was also aware that Darry Race lived off of Midlothian Turnpike but had never been to his home.*

The bankrupt testified that Darry Race was spokesman for his mother and father and when he looked in the telephone directory, he picked out Darry Race's address because he thought that was the right thing to do. He further testified that because the suit against him was by both of them and judgment was given to them, a single address was sufficient. Although the bankrupt was a party to the depositions, he was not aware of the contents insofar as they reflected the exact mailing address of the complainants.

## CONCLUSIONS OF LAW

Under § 15 of the Bankruptcy Act (11 U.S.C. § 33), the court may revoke a discharge upon the application of a creditor filed within one year after a discharge has been granted if it appears (1) that the discharge was obtained through the fraud of the bankrupt, (2) that the knowledge of the fraud has come to the complainant since the discharge was granted and (3) the facts, if they had been known, would not have warranted the discharge. It is the opinion of this Court that the complainants have failed to prove the type of fraud necessary for a revocation of the bankrupt's discharge pursuant to said § 15.

■ The fraud required to be shown is fraud in fact, involving moral turpitude or intentional wrong, and does not include implied fraud or fraud in law, which may exist without the imputation of bad faith or immorality. *In re Cuthbertson,* 202 F. 266 (D.C.S.D.1912); *In re Wright,* 177 F. 578 (D.C.N.Y.1910); 1A *Collier on Bankruptcy* 14th ed. § 15.11. Further, in order to justify revocation of discharge in bankruptcy on the ground that it was obtained by fraud "it must appear that he [bankrupt] was guilty of such acts as would sustain a civil action for fraud or deceit, and that the

---

* Midlothian Turnpike has its start in the City of Richmond and proceeds westerly for several miles to the community known as Midlothian. Except for the eastern first mile, it is also designated as U.S. Route 60. The community of Midlothian has no geographical boundaries although the Magisterial District boundary lines are set by the county governmental body.

statements were either knowingly false or fraudulent, or made so recklessly as to warrant a finding that he acted fraudulently." *In re Leach,* 197 F.Supp. 513, 519 (W.D.Ark. 1961) quoting from *In re Collins,* 157 F. 120, 123 (E.D.Ark.1907). *Accord, In re Orenduff,* 226 F.Supp. 312 (N.D.Okl.1964).

■ The facts in this case are insufficient to support a finding of an intentional fraud by the bankrupt. A determination that the bankrupt intentionally gave an incorrect address so that the complainants would never receive any notice is substantially refuted by the fact that Darry Race did receive one of the two general notices arising out of the bankruptcy proceeding. Even if neither notice had been delivered, the addresses were so substantially correct that this Court is unable to find that the bankrupt had the subjective intent that the notices not be deliverable.

Further, the Court finds that the actions of the bankrupt were not conducted "so recklessly as to warrant a finding that he acted fraudulently." *In re Leach, supra.* While it is true that the bankrupt may not have followed all avenues for discovering the correct address of the creditors, he did consult a current local telephone directory which indicated an address that was substantially correct. The mere fact that one of the two identically addressed notices was received by the complainants further negates against a finding of reckless conduct. The lack of any evidence as to who inserted the erroneous zip code designation also clouds any allegation of fraud.

Since the Court is unable to find that the bankrupt intentionally or recklessly supplied the incorrect address to the Court, the complainants have not proven the fraud necessary under § 15 of the Bankruptcy Act to revoke the discharge of the bankrupt.

For the reasons stated, this Court finds that the complaint to revoke the discharge of the bankrupt is hereby DENIED.