In re Jose R. PUENTE and Eugenia Puente, Debtors.

Gustav A. WERNER, Plaintiff,

v.

Jose R. PUENTE and Eugenia Puente, Defendants.

Bankruptcy Nos. 83–21015X, 84–2024A.

United States Bankruptcy Court, W.D. New York.

June 17, 1985.

Suter, Doyle, Kesselring, Lawrence & Werner by James B. Doyle, Rochester, N.Y., for plaintiff.

Antell & Harris by James S. Hinman, Rochester, N.Y., for defendants.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

A creditor filed a complaint seeking the denial or revocation of the debtors' discharge pursuant to 11 U.S.C. § 727(a)(4)(A), (c)(1), (d)(1) and (d)(2). The debtors filed an answer denying the material allegations of

the complaint. At a pretrial conference on October 10, 1984, the parties agreed that a stipulation of facts would be the basis for the decision in this case. The parties filed their stipulation with the Court on April 9, 1985.

The facts are as follows.[1] The debtors, Jose and Eugenia Puente, filed a joint Chapter 7 petition on September 21, 1983. On September 30, 1983, the Court sent a notice to all creditors, pursuant to Bankruptcy Rule 2002, advising them of various dates pertinent in the Puente bankruptcy. Mr. Gustav Werner was listed as a creditor in the petition and on the mailing matrix. The date for the first meeting of creditors was listed as October 27, 1983 and Mr. Werner attended that meeting. The deadline for filing objections to discharge was listed as December 27, 1983. No complaints objecting to discharge or motions to extend the time for filing a complaint objecting to discharge were filed by any party prior to December 27, 1983. On December 29, 1983, the Court signed an order granting the debtors' discharge. The discharge hearing was held on February 23, 1984.

On March 12, 1984, Mr. Werner filed a complaint seeking to deny or revoke the debtors' discharge. The complaint alleges that the debtors made a false oath when they failed to report property of the estate on their bankruptcy petition or schedules. Additionally, the complaint alleges that the debtors fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee.

Eugenia Puente's father died on May 23, 1977 and his will was admitted to probate during that same year. The estate has a gross value of $524,169.53. According to the will, Mrs. Puente is entitled to 25% of the net distributable assets in the decedent's estate, subject to an income trust for the life of the deceased's surviving widow.[2] Both Mr. and Mrs. Puente stipulated that they were aware of and had knowledge of the Surrogate Court proceeding involving Mrs. Puente's father's estate. Mrs. Puente's future interest, however, was not mentioned in the debtors' petition, statement of affairs, or schedules.

The plaintiff's complaint alleges that this omission was knowingly and fraudulently made and, therefore, the debtors' discharge should be denied or revoked. The debtors have denied these allegations.

The first question presented is whether the portion of the complaint seeking to deny the debtors' discharge pursuant to 11 U.S.C. § 727(a)(4)(A) and (c)(1) was timely filed.

The second question presented is whether the creditor has met his burden of proof in order to revoke the debtors' discharge pursuant to 11 U.S.C. § 727(d)(1) or (d)(2).

■ The creditor's first cause of action pursuant to 11 U.S.C. § 727(a)(4)(A) and (c)(1) objects to the debtors' discharge because the debtors allegedly knowingly and fraudulently made a false oath. Bankruptcy Rule 4004(a) and (b) governs the time for filing a complaint objecting to discharge and reads as follows.

**(a) Time for Filing Complaint Objecting to Discharge; Notice of Time Fixed.** In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code *shall be filed not later than 60 days following the first date set for the meeting of creditors* held pursuant to § 341(a). In a chapter 11 reorganization case, such complaint shall be filed not later than the

---

1. Although the parties filed a stipulation of facts, additional facts are necessary to decide the issues presented by this case. All pertinent facts from the stipulation, however, have been included in the following finding of facts. See Bankruptcy Rule 7052 and Federal Rule of Civil Procedure 52.

2. From the parties' stipulation, it appears that Eugenia Puente holds a vested remainder. See New York Estates, Powers and Trusts Law (E.P.T.L.) §§ 6–4.2, 6–4.3, and 6–4.7. A vested remainder is property of the estate. See 11 U.S.C. § 541(a)(1); *In re Smith*, 71 F.2d 378 (9th Cir. 1934); and *In re McHarry*, 111 F. 498 (7th Cir. 1901). The will document, however, has not been submitted to this Court and, therefore, a determination as to the exact nature of Eugenia Puente's future interest is not possible at this time.

first date set for the hearing on confirmation. The court shall give not less than 25 days notice of the time so fixed to all creditors in the manner provided in Rule 2002, and to the trustee and his attorney.

**(b) Extension of Time.** On motion of any party in interest, after hearing on notice, the court may for cause extend the time for filing a complaint objecting to discharge. *The motion shall be made before such time has expired.* (Emphasis added).

In the case at bar, the first meeting of creditors was set for October 27, 1983 and the deadline for filing complaints objecting to discharge was listed as December 27, 1983. All creditors, including the plaintiff, were sent notices of these deadlines. The plaintiff has not claimed any lack of notice. Also, the fact that Mr. Werner appeared at the first meeting of creditors and that his attorney appeared at the adjourned meeting of creditors indicates that notice of the bankruptcy proceedings was received. The plaintiff filed his complaint on March 12, 1984. A motion to extend the time to file a complaint objecting to discharge was never made. The complaint was clearly filed after the 60 day deadline and, therefore, the § 727(a)(4)(A) and (c)(1) cause of action objecting to discharge was filed late and is denied.

■ The plaintiff's second cause of action pursuant to 11 U.S.C. § 727(d)(1) and (d)(2) seeks to revoke the debtors' discharge. The plaintiff's complaint to revoke the discharge is timely because it was filed within one year of the granting of the discharge. See 11 U.S.C. § 727(e)(1) and (e)(2). Section 727(d)(1) and (d)(2) reads as follows:

(d) On request of the trustee or a creditor, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge; [or]

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of, or entitlement to, such property, or to deliver or surrender such property to the trustee;

In an action to revoke a discharge, the moving party has the burden of proof. *In re Popovich*, 105 F.2d 154, 155 (2d Cir. 1939): *In re Lyons*, 23 B.R. 123, 125, 9 B.C.D. 765, 766, 7 C.B.C.2d 466, 468 (Bankr.E.D.Va.1982); and *In re Black*, 19 B.R. 468, 470, 9 B.C.D. 300, 301 (Bankr.M. D.Tenn.1982).

■ Under § 727(d)(1), the trustee or creditor must prove that there was fraud in obtaining the discharge, and that the moving party did not know of such fraud until after the granting of the discharge. Where the requesting party fails to sustain its burden of proving that it lacked knowledge of the fraud prior to the granting of the discharge, the cause of action should be denied. *In re McElmurry*, 23 B.R. 533, 535, 7 C.B.C.2d 797, 799 (W.D.Mo.1982). Neither the stipulation submitted to this Court nor the plaintiff's complaint mention when Mr. Werner learned of the omission of the future interest from the bankruptcy petition, statements, and schedules. The plaintiff's failure to submit evidence regarding the time when the plaintiff acquired knowledge of the alleged fraud is fatal. The § 727(d)(1) cause of action is denied.

■ Under § 727(d)(2), the trustee or creditor must prove that the debtor acquired or became entitled to acquire property of the estate and knowingly and fraudulently failed to report, deliver, or surrender such property to the trustee. "This subparagraph imposes a duty upon the debtor to report to the trustee any acquisitions of property *subsequent* to the filing of the petition." (Emphasis added). 4 *Collier on Bankruptcy* ¶ 727.15[4] at 727–94 (15th ed. 1985). In the case at bar, Mrs. Puente's father died in 1977 and the will was admitted to probate during that same

year. The Puentes' petition was filed on September 21, 1983. Therefore, Mrs. Puente became entitled to the future interest prior to the filing of the petition. Additionally, neither the pleadings nor the stipulation mention any acquisition of property of the estate by the debtor subsequent to the filing of the petition. Clearly, the plaintiff has failed to prove a cause of action under § 727(d)(2).

The cause of action under § 727(d)(2) must also fail for two other reasons. In *In re Lyons*, 23 B.R. 123, 9 C.B.C. 765, 7 C.B.C.2d 466 (Bankr.E.D.Va.1982), the Court held that the "fact that subparagraphs 727(d)(2) and 727(d)(3) contain no language requiring the knowledge of any fraudulent conduct to be received after the discharge is granted, does not give a party in interest, who has the knowledge of the probable wrongdoing the privilege to wait until after a discharge is granted to ask the Court to revoke the discharge." 23 B.R. at 126, 9 B.C.D. at 766, 7 C.B.C.2d at 469. In the case at bar, the plaintiff has not submitted any evidence to prove that the plaintiff's knowledge of the alleged fraud was not acquired before the discharge was granted.

Additionally, the "term 'knowingly and fraudulently' requires that the debtor be guilty of such acts as would sustain a civil action for fraud or deceit. The debtor's action must have been taken with the knowing intent to defraud the trustee, or be so reckless as to justify a finding that he acted fraudulently." *In re Black*, 19 B.R. at 470, 9 B.C.D. at 301 citing *In re Orenduff*, 226 F.Supp. 312, 314 (N.D.Okla. 1964); *In re Leach*, 197 F.Supp. 513, 518–19 (W.D.Ark.1961); and *In re Zahralddin*, 1 B.R. 621, 623–24 (Bankr.E.D.Va.1979). Although the stipulation in the case at bar states that the Puentes "were aware of and had knowledge the Erie County Surrogates Court proceeding," this fact alone does not establish that the debtors' failure to report the future interest was knowingly and fraudulently made.

For the foregoing reasons, it is decided that the § 727(a)(4)(A) and (c)(1) cause of action was not timely filed, and the plaintiff-creditor has failed to meet his burden of proof in the 727(d)(1) and (d)(2) causes of action. Therefore, the complaint to deny or revoke the debtors' discharge is denied in all respects, and it is so ordered.