**In re Sarah T. CONNOR, Debtor.**

**Donald M. Samson, Trustee. Plaintiff,**

**v.**

**Sarah T. Connor, Defendant.**

**Bankruptcy No. 00–30816.**
**Adversary No. 02–3004.**

United States Bankruptcy Court,
S.D. Illinois.

July 1, 2002.

Michael A. Katz, Collinsville, IL, for Debtor.

Donald M. Samson, Belleville, IL, trustee.

## OPINION

GERALD D. FINES, Chief Judge.

This matter having come before the Court for trial on an Amended Complaint to Revoke Discharge of Debtor, filed by the Trustee/Plaintiff; the Court, having heard sworn testimony and arguments of the parties and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

### Findings of Fact

The material facts in this matter are not in dispute, and are, in pertinent part, as follows:

1. The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on March 23, 2000.

2. At her § 341 meeting of creditors on May 5, 2000, the Debtor disclosed that she had a large tax refund of approximately $8,000 due to taxes that were withheld from gambling jackpots which the Debtor had won.

3. At the § 341 meeting of creditors, the Debtor was instructed that, if the refund check came to her, she was to turn it over to the Trustee.

4. In addition to informing the Debtor of her responsibility to turn over the refund check to the Trustee by letter dated May 8, 2000, the Trustee notified the Internal Revenue Service that the refund should be held and paid over to the Trustee.

5. On May 23, 2000, the Trustee received notification from the Internal Revenue Service that the refund in question had, in fact, already been sent to the Debtor.

6. By a letter dated May 30, 2000, and a telefax dated June 8, 2000, the Trustee notified the Debtor's attorney that the Debtor had been sent the refund in question and requested that the refund be turned over to the Trustee immediately.

7. Having no response to his letter of May 30, 2000, or his telefax of June 8, 2000, on June 14, 2000, the Trustee filed a Motion to Compel Turnover of the Tax Refund, and, at a hearing on July 13, 2000, the Debtor was ordered to turn over to the Trustee the non-exempt portion of the refund in question, in the amount of $5,200.

8. Following the July 13, 2000, Order to turn over the non-exempt portion of the tax refund, the Debtor failed to make any payments whatsoever, resulting in the scheduling of a show cause hearing on December 19, 2001.

9. On December 19, 2001, the turnover Order was modified to allow the Debtor to pay the Trustee the amount of $50 per week until the sum of $5,200 was paid.

10. Since the modification of the turnover Order, the Debtor has paid a sum of only $250, and has demonstrated a continual lack of financial ability or willingness to pay the non-exempt money which the Debtor received.

*Conclusions of Law*

The Trustee's Amended Complaint to Revoke Discharge of Debtor is brought pursuant to 11 U.S.C. § 727(d)(2), which states:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—. . .
>
> > (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of, or entitlement to, such property, or to deliver or surrender such property to the trustee;

The Trustee's Amended Complaint also seeks to revoke the Debtor's discharge under 11 U.S.C. § 727(d)(3), for the reason that the Debtor has refused to obey a lawful order of the Court as set out under 11 U.S.C. § 727(a)(6)(A).

 In an action to revoke a discharge under 11 U.S.C. § 727(d), the moving party has the burden of proof. *In re Puente*, 49 B.R. 966 (Bankr.W.D.N.Y. 1985). In this case, the burden of proof is on the Trustee to prove the elements of 11 U.S.C. §§ 727(d)(2) and (3) by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

 As noted above, the material facts in this matter are not in dispute. The facts, as presented in open court, and as stated and argued in the Trustee's Memo-

randum in support of his Amended Complaint to Revoke Discharge of Debtor clearly established that the Debtor/Defendant in this matter acquired a tax refund that was property of the bankruptcy estate pursuant to 11 U.S.C. § 541, and that the Debtor/Defendant knowingly and fraudulently failed to deliver or surrender said tax refund to the Trustee. Additionally, the Debtor/Defendant has failed and refused to obey a lawful Order of the Court. As noted above, the Debtor/Defendant failed to turn over the tax refund when ordered to do so; and the Debtor failed again to obey the Order of the Court entered on December 19, 2000, in which she was ordered to pay the sum of $50 per week until such time as she had paid the entire amount of the non-exempt portion of the tax refund at issue. This being the case, the Court has no choice but to allow the Amended Complaint to Revoke Discharge of Debtor filed by the Trustee, and to revoke the Debtor's discharge pursuant to the provisions of 11 U.S.C. §§ 727(d)(2) and (3).