**In re Brandon Kev ROSENBERG and Julie Ann Rosenberg, Debtors.**

**Fred J. Dery, Trustee, Plaintiff,**

**v.**

**Brandon Kev Rosenberg and Julie Ann Rosenberg, Defendants.**

Bankruptcy No. 99–57163.
Adversary No. 00–4603.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Aug. 1, 2002.

---

Martin L. Fried, Esq., Steven J. Cohen, Esq., Southfield, MI, for Defendants.

Samuel D. Sweet, Esq., Troy, MI, for Plaintiff.

## DECISION and ORDER

BURTON PERLMAN, Bankruptcy Judge.

In this adversary proceeding, plaintiff trustee in debtors' case has filed a complaint seeking revocation of the discharge of defendants/debtors. In his amended complaint, plaintiff sets forth two counts. In Count I, he seeks revocation of discharge based upon 11 U.S.C. § 727(d)(1). In Count I, plaintiff alleges specifically various failures to provide information by debtors in their bankruptcy schedules, including the failure of defendant Brandon Rosenberg to disclose his interest in Safety Investments, LLC; failure to disclose pre-petition purchase and ownership interest in Sunset Mobile Home Park. In Count II, plaintiff seeks revocation of discharge based upon 11 U.S.C. § 727(d)(2). In this count, plaintiff seeks specific relief against defendant Brandon Rosenberg with respect to Sunset Mobile Home Park, asserting that defendant has failed to deliver or surrender such asset to plaintiff.

The proceeding came on for trial before the court. The only witness called to testify at the trial was defendant/debtor Brandon Rosenberg. By stipulation of the parties, the deposition testimony of witnesses Andrea Arens and Julie Arens was admitted as part of the record. In addition, the deposition of plaintiff/trustee was admitted into the record by the court over objection by defendants. Finally, the testimony of defendant Julie Ann Rosenberg was made part of the record by agreement of the parties.

To resolve the present controversy, it is necessary to come to an understanding of how the separate facts in the evidence spell out a scenario. The following constitutes our findings of fact. At the beginning of 1999, defendant was engaged in his own business, Future Financial. His business had to do with finding real estate investment opportunities. Early in 1999, he met Andrea and Julie Arens who were looking for a real estate investment opportunity and, more specifically, such an opportunity in a trailer park. Defendant found such an investment in Sunset Mobile Home Park (hereafter "Sunset"). Defendant signed a purchase and sale agreement for Sunset signed by himself as purchaser and also by the seller. This occurred on September 22, 1999. Shortly thereafter, on October 7, 1999, defendant caused the incorporation of Safety Investments, LLC, (hereafter "Safety") and that entity is under his sole control. It was defendant's intention that Safety would become the owner of properties, including Sunset, when acquired. The acquisition of Sunset occurred in the summer of 2000. At about that time, defendant acquired a second property, Willow Mobile Home Park (hereafter "Willow"), and ownership of that property was also placed in Safety. (A certificate authorizing Safety to operate under the assumed name Willow Mobile Home Park is dated September 1, 2000.)

The actual purchase of both Sunset and Willow was funded by a transfer of $140,000.00 by Andrea Arens to Safety on July 1, 2000. For her investment, Andrea Arens received a security interest in Sunset and Willow. The security agreement was memorialized by promissory notes signed by Andrea Arens. On August 1, 2000, Julie Arens transferred $87,680.00 to Safety, and also received a security interest in Sunset and Willow. She also signed promissory notes. While Andrea and Julie Arens were led to believe that they were acquiring ownership interests in the trailer parks when they made their investments, in fact the ownership of the trailer parks resided in Safety, and the entire equity of Safety resided in defendant. Safety owned and operated the trailer parks. Defendant's testimony at the trial that he had performed all the services which he did for Andrea and Julie Arens with no expectation of compensation is not credible. Instead, he hoped to profit through his control of Safety.

What is credible is defendant's testimony that he was pursued by a California creditor who was seeking execution in Michigan of a judgment against him, and he filed his bankruptcy case on November 3, 1999, to forestall that execution.

1. § 727(d)(1).

The plaintiff/trustee's suit to revoke defendant's discharge is based on 11 U.S.C. § 727(d)(1). The Code there provides:

> (d) On request of the trustee, a creditor, or the United States Trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
>
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
>
> \*   \*   \*   \*   \*   \*

A good summary statement of how this statute is to be applied appears in *In re Lokay*, 269 B.R. 132 (Bankr.W.D.Pa.2001) at p. 138:

> Revocation of a discharge is an extraordinary remedy which is available only in limited circumstances. Section 727(d) must be construed liberally in favor of the debtor and against the party

seeking revocation. *In re Adeeb*, 787 F.2d 1339, 1342 (9th Cir.1986).

The burden of proving all requirements for revocation of discharge lies with the party seeking revocation. *Johnson v. Chester Housing Authority (In re Johnson)*, 250 B.R. 521, 527 (Bankr.E.D.Pa.2000). This they must do by a preponderance of the evidence. *Bowman v. Belt Valley Bank (In re Bowman)*, 173 B.R. 922, 925 (9th Cir. BAP1994).

The court holds that plaintiff has sustained his burden of proof, and has done so by a preponderance of the evidence.

■■■ It is an undisputed fact that defendant did not list his equity interest either in Safety, or his contract rights in the Agreement to purchase Sunset, in his bankruptcy schedules. Omission of an asset alone is not sufficient to meet the statutory requirement of fraud; the omission must have occurred with a knowing intent to defraud. *In re Olmstead*, 220 B.R. 986, 994 (Bankr.D.N.D.1998). The evidence in the record before us shows a knowing intent to defraud. That it was defendant's deliberate intention not to disclose in his bankruptcy filings any of the facts which we have related above regarding Safety, Sunset or Willow is clear from the following. After the filing date of his bankruptcy, but before he filed his schedules, defendant realized that he should have divested himself of the Agreement to purchase Sunset. Two days after he filed bankruptcy, but before he filed his schedules, he assigned his interest in the Agreement to purchase Sunset to Andrea Arens. He then omitted the Agreement and interest in Safety from his schedules. Clearly, defendant intentionally omitted these interests from his schedules. Defendant had put into play the plan which we have outlined above prior to his bankruptcy filing, when he caused the incorporation of Safety

Investments, LLC, on October 7, 1999. He decided to simply ignore the bankruptcy and the obligations which accrued to him by reason of his bankruptcy filing, and went forward with his plan to acquire Sunset and Willow to be owned by Safety, with Andrea and Julie Arens to hold security interests in the properties. His control of Safety was at the heart of his plan. Unfortunately for him, his solution to his problems of filing bankruptcy brought with it an obligation to disclose his ownership interests, and surrender them to the trustee. By deliberately not disclosing these interests, he committed a fraud within the meaning of § 727(d)(1). *In re Trost*, 164 B.R. 740, 745 (Bankr.W.D.Mich.1994).

Defendant contends that he had no duty to disclose his interest in Safety because when he filed his bankruptcy case it had no value, only acquiring value later when interests in Sunset and Willow were transferred to it. In support of that position, defendant cites *In re Savage III*, 167 B.R. 22 (Bankr.S.D.N.Y.1994). The *Savage* case, however, is distinguishable on its facts. The asset there in question was a Certificate which undisputedly had no value. That case cannot be applied to the facts before us, where the asset in question was an active one, a corporation intended to acquire value.

The first prong of § 727(d)(1) is thus met, for there was fraud by defendant in obtaining his discharge.

■■■ Plaintiff has the burden of proving the second prong of § 727(d)(1), that he did not know of the fraud until after the discharge was granted. *In re Ventimiglia*, 198 B.R. 205, 214 (Bankr.E.D.Mich. 1996); *In re Puente*, 49 B.R. 966 (Bankr. W.D.N.Y.1985). To meet that burden, plaintiff put in evidence the deposition of the trustee. Therein, plaintiff testified that he learned of the facts upon which the complaint to revoke discharge are based

upon the intervention of a creditor later in the case than the discharge, and he learned of it from his attorney. By this testimony, we hold that plaintiff has satisfied the second prong of § 727(d)(1).

Defendant contends that plaintiff is not entitled to offer this proof because his motion to depose the trustee and his attorney were denied. In fact, such motion was denied conditionally because the court believes that trustees should be protected from undue harassment by debtors. We therefore provided in our denial of the motion that defendant must first pursue other avenues of discovery before resorting to deposition. Defendant never did pursue those avenues. Moreover, defendant's contention is unsound because the deposition of the trustee was taken.

2. § 727(d)(2).

■ Section 727(d)(2) provides:

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; or

\* \* \* \* \* \*

To make out a case under this section, the following applies:

In order to revoke the debtor's discharge, the trustee must establish that the debtor has acquired or become entitled to property of the estate *and* has knowingly and fraudulently failed to report or deliver this property to the trustee. Both elements of this test must be satisfied. A debtor's discharge cannot be revoked solely on the basis that the debtor failed to inform the trustee of his receipt of property of the estate. The party seeking revocation must additionally prove that the debtor *knowingly and fraudulently* concealed this information from the trustee. 4 Collier on Bankruptcy, para. 727.15[4], at 727–100 (15th ed.1981).

*In re Black,* 19 B.R. 468 (Bankr.M.D.Tenn. 1982), at p. 470.

■ By the acquisition and retention of his interest in Safety, defendant acquired property that is property of the estate, for he owned it prior to filing bankruptcy. Further, by holding it, debtor became entitled to acquire property that would be property of the estate, for Safety became the owner of Sunset and Willow when those properties were transferred to it. Thus, defendant acquired and became entitled to acquire property that would be property of the estate. Defendant's act in failing to include Safety in his schedules and to advise the trustee of his interest in it, was deliberate, knowing and fraudulent. The factual basis for this conclusion is the hurried transfer immediately after his filing, but before his schedules were filed, by defendant to Julie Arens of his interest in the Agreement to purchase Sunset. It was clearly his intention to conceal from the trustee and his creditors his trailer park transactions. Thus, both elements of § 727(d)(2) are satisfied and defendant's discharge should be revoked on this ground as well. Defendant argues that § 727(d)(2) applies only if the assets in question were acquired post-petition. This position, however, is refuted in *Matter of Yonikus,* 974 F.2d 901 (7th Cir.1992); *In re Barr,* 207 B.R. 168 (Bankr.N.D.Ill.1997).

■ In addition to relief by way of revocation of discharge, relief to which we hold that plaintiff is entitled, plaintiff seeks turnover of the estate property which defendant failed to disclose. The property in question is defendant's interest in Safety Investments, LLC. We hold that plaintiff is entitled to turnover of such property. *See In re Olmstead, supra.* In his complaint, plaintiff seeks turnover of Sunset, but the evidence established that defen-

710

dant did not own Sunset. He did, however, control Safety which owned Sunset. As part of this order, plaintiff's complaint is amended to conform to the evidence. The relief granted is thus warranted.

Finally, we turn to the question of denial of discharge of defendant Julie Ann Rosenberg. We hold that plaintiff has failed to establish that her discharge should be revoked. Plaintiff bases his complaint against Julie Ann Rosenberg on her failure to answer certain questions at her deposition. That deposition was taken four days before the trial. Our review of the transcript of the deposition satisfies us that the questions propounded to the witness were substantially fully answered so far as they relate to the matters raised by the trustee's complaint. We conclude that defendant Julie Ann Rosenberg is entitled to judgment in her favor and the complaint is dismissed as to her.

So Ordered.