**Robert D. KLAGES, Debtor.**

**United States Trustee, Plaintiff,**

v.

**Robert D. Klages, Defendant.**

**Bankruptcy No. 05–08671.
Adversary No. 06–30189–wle.**

United States Bankruptcy Court,
N.D. Iowa.

Aug. 2, 2007.

Lori M. Holm, West Des Moines, IA, for
Debtor.

## DECISION: REVOCATION
## OF DISCHARGE

WILLIAM L. EDMONDS, Bankruptcy Judge.

United States trustee Habbo G. Fokkena asks that the discharge of Robert D. Klages be revoked. Trial was held July 26, 2007 in Des Moines. John F. Schmillen appeared as attorney for Fokkena. Lori M. Holm appeared as attorney for Klages. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

Klages filed his chapter 7 petition on October 10, 2005. At the time, he was living at 107 N. Vine Street, Apt. #1 in Lacona, Iowa 50139. He did not list any anticipated tax refund for tax year 2005 on his schedule of personal property.

The meeting of creditors for Klages's case was held November 15, 2005. At the meeting, Klages told trustee Thomas L. Flynn that he had moved to 56619–200th Avenue, Lacona, Iowa. Klages had moved in the fall of 2005. Klages did not inform the clerk of court of the change until June 25, 2007. Subsequent to the meeting of creditors, Flynn sent all correspondence or documents directed to Klages to the new address.

Flynn testified that prior to his examining Klages at the meeting, he gave Klages an oral admonition not to spend any tax refunds. He said Klages was warned not to spend any refunds even if he got notice of his discharge, and that he must first contact Flynn's office to find out if some or all of any refund belonged to the bankruptcy estate. Flynn said it is his practice to give the oral admonition to all debtors and their counsel before the examination.

It is unclear from the testimonial evidence whether on November 15 this admonition was given to a group of debtors and their attorneys or at the beginning of each individual debtor's exam. It appears that it may have been an admonition given to a group of debtors, as the transcript from Klages's individual meeting does not contain such a warning (exhibit 8). However, Klages remembers Flynn's giving him such a warning at the meeting. He erroneously believed Flynn was a judge.

Also at the meeting, Flynn gave Klages a one-page handout which, in part, discussed 2005 tax returns (exhibit 9). In the handout, Flynn directed debtor to send him copies of debtor's 2005 federal and state income tax returns, at the time such returns were filed. Debtor was told that upon review of the returns, "it may be determined that there is a non-exempt amount which must be turned over to [Flynn] for payment to your creditors" (*id.*). The handout also contained the following "WARNING" in bold typeface:

*Warning:* Do *not* spend *any* of your tax refunds until you have received approval from my office, even if you have received notice from the Bankruptcy Court that a bankruptcy discharge has been entered. The bankruptcy discharge does not close your bankruptcy case or eliminate your need to turn over non-exempt assets. If it is determined that you owe non-exempt monies to your bankrupt estate, those funds need to be turned over *immediately, in full* (no payment plans will be accepted), upon notice from my office. Failure to comply with the terms of this letter or to cooperate with me in the administration of your bankruptcy estate may constitute cause to revoke your bankruptcy discharge. You will receive only one notice from my office of non-exempt monies due your bankruptcy estate and upon non-compliance, I will seek to revoke your bankruptcy discharge.

(Exhibit 9.) Klages remembers receiving the handout letter from Flynn at the meet-

ing, but he said he took it home and did not read it.

At the close of the examination, Flynn asked Klages to send him copies of the tax returns when he filed them. The request would reasonably be understood to relate to returns for 2005.

Klages's 2005 returns were prepared for filing by February 6, 2006 (exhibit 3). They were prepared by Randel Hardy CPA PC. The federal return showed a requested refund of $3,445.00; the Iowa return showed a requested refund of $65.00 (*id.*). As to the federal refund, it was requested in the return that it be directly deposited in checking account number RAL04XXX484920080, with a routing number of 044000037 (exhibit 3). There was no evidence as to whether this was the CPA's account or Klages's.

A discharge order entered in the case on January 18, 2006, prior to the filing of the tax returns. The refunds to Klages were paid after that date. Klages says because the order said his debts were "dismissed," he believed "everything was done" (exhibit 6, p. 4, lines 15–20). Klages testified that believing the bankruptcy was a "done deal," he spent the tax refunds, paying debts and bills. He explained that he had just started a new job, that he was a single parent with two children, and that he was borrowing money for expenses and trying to pay his bills. He did not contact his attorney or the trustee to confirm that the refunds were entirely his to spend.

Not having received copies of Klages's 2005 returns, Flynn filed a motion for Klages's examination under Fed.R.Bankr. P.2004 and asked that Klages be ordered to produce the returns at the exam (exhibit 2). The exam was requested for June 19, 2006. Flynn served the motion on Klages at his new address–56619–200th Avenue, Lacona, and on Holm. The court granted

the motion on June 6, 2006 (exhibit 1, entry no. 10).

Klages did not appear for the exam, but at some point he submitted the returns to Flynn. Flynn calculated the amount from the refunds that he believed to be property of the estate, and on June 21, 2006, he notified Klages and his lawyer of his demand for $1,556.11, the estate's asserted portion of the refunds (exhibit 5, p. 3).

When the money was not forthcoming, Flynn, on July 31, 2006, moved again for Klages's rule 2004 examination this time to be held on August 15, 2006 (exhibit 5). Flynn asked that the court order Klages to bring with him the estate's portion of the refunds. Flynn served the motion on Klages at his new address and on Holm. The court granted the motion on July 31, 2006 (exhibit 1, entry no. 12). Klages did not attend the exam. Flynn's motion had warned Klages that if he did not appear for the exam, Flynn would seek to have his discharge revoked.

The United States trustee filed a complaint seeking revocation of the discharge on September 26, 2006. After Klages was served with the complaint, he talked to James Snyder of the U.S. trustee's office about resolving the matter. He said he asked Snyder that he be able to make periodic payments. He said Snyder refused to agree to payments to resolve the complaint. Klages has paid nothing to the trustee notwithstanding the trustee's refusal to settle the proceeding in exchange for payments.

Klages says he made a mistake in using the tax refunds without paying part to the trustee. He testified that he had never been through bankruptcy before, that the paperwork was overwhelming, and that he believed that once his debts were "dismissed" he was free to use the money.

The United States trustee asks that Klages's discharge be revoked on two grounds. The first is that Klages knowingly and fraudulently failed to deliver the non-exempt portion of the tax refunds to the trustee. 11 U.S.C. § 727(d)(2). The second reason is because he willfully disobeyed court orders to attend debtor's examinations. 11 U.S.C. § 727(d)(3) and 11 U.S.C. § 727(a)(6)(A).

■ Klages's anticipated tax refund for 2005 was property of the estate to the extent it was attributable to events occurring prior to bankruptcy, *i.e.*, withholding from income earned before bankruptcy. *See Barowsky v. Serelson (In re Barowsky)*, 946 F.2d 1516, 1517–18 (10th Cir. 1991). Klages did not amend his schedules to list the refund as an asset, nor did he claim any part of it as exempt. He admits he received state and federal refunds for 2005 totaling $3,510.00 and that he turned over no part of them to the estate.

■ The trustee bears the burden of proof on the issue of revocation. Fed. R.Bankr.P. 4005. Trustee has proven by a preponderance of evidence that Klages acquired property of the bankruptcy estate and that he did not deliver the property to the trustee.

■ The failure to deliver must have been knowing and fraudulent. 11 U.S.C. § 727(d)(2). Such intent may be found by inference from the facts. In the context of a false oath, "[i]ntent can be established by circumstantial evidence, and statements made with reckless indifference to the truth are regarded as intentionally false." *Korte v. United States (In re Korte)*, 262 B.R. 464, 474 (8th Cir. BAP 2001). In the context of revocation, it has been determined that "[t]he debtor's actions must have been taken with the knowing intent to defraud the trustee, or be so reckless as

to justify a finding that he acted fraudulently." *Stewart v. Black (In re Black)*, 19 B.R. 468, 470 (Bankr.M.D.Tenn.1982).

■ Trustee Flynn orally cautioned Klages not to spend any 2005 tax refunds without talking to his office, even if discharge were granted. This is Flynn's normal practice and warning. He gave it to Klages, and Klages remembers being cautioned. Moreover, Flynn gave Klages a written warning, which provided in bold type the warning that he should not spend any of his tax refunds "even if you have received notice from the Bankruptcy Court that a bankruptcy discharge has been entered" (exhibit 9). Klages received the handout, but says he was overwhelmed by all the paperwork and that he did not read it.

He says he spent the money believing he was free to do so because the discharge order entered. I find that in light of the warnings, Klages's testimony that he believed he could spend the refunds is not credible. I find that he knowingly spent the money with the intent to defraud the trustee and the estate. Klages's discharge will be revoked under 11 U.S.C. § 727(d)(2).

■ Trustee asks also that Klages's discharge be revoked because of his refusal to obey a court order to submit to an examination under Fed.R.Bankr.P.2004. 11 U.S.C. §§ 727(a)(6)(A) and 727(d)(3). Twice, at the request of Flynn, the court ordered Klages to appear for examination. Twice he did not appear. He had a duty to appear for the examinations. Fed. R.Bankr.P. 4002(a)(1). But the failure must be willful and not excused. Actual knowledge of the court order appears necessary.

■ Klages contends he did not receive the notices of the exams. First he attributes lack of receiving notice to his

change of address. However, the evidence shows that both of the trustee's motions were mailed to his new address (exhibits 2 and 5). He was aware of the motions.

However, the United States trustee has failed to prove by a preponderance of the evidence that Klages had knowledge of the court orders requiring the examinations. Each motion was granted by a "docket text only order" (exhibit 1, entries 10 and 12). Pursuant to the orders, Flynn was required to serve the orders on "all appropriate parties" (*id.*). He would have to have served Klages with the "notice of electronic filing" which is obtained from the court's case management and electronic case filing system. That notice can be printed and then served by mail. There is no evidence that Flynn served the notice of electronic filing of the order on Klages. Moreover, United States trustee has failed to prove sufficient facts to permit the court to determine that attorney Holm had actual knowledge of the orders which would be imputed to Klages for purposes of 11 U.S.C. § 727(a)(6). The court will dismiss the United States trustee's claim to revoke discharge under 11 U.S.C. §§ 727(d)(3) and 727(a)(6)(A).

IT IS ORDERED that the discharge of Robert D. Klages is revoked under 11 U.S.C. § 727(d)(2). The claim of the United States trustee to revoke discharge under 11 U.S.C. §§ 727(d)(3) and 727(a)(6)(A) is dismissed. Judgment shall enter accordingly.