In re John H. LYONS, Jr., Debtor.

Robert A. CANFIELD, Trustee in Bankruptcy for John H. Lyons, Jr., Plaintiff,

v.

John H. LYONS, Jr., Defendant.

Bankruptcy No. 80–00882.
Adv. No. 81–0133–R.

United States Bankruptcy Court,
E. D. Virginia.

Sept. 10, 1982.

---

Stephen M. Kapral, Richmond, Va., for plaintiff.

Watson M. Marshall, Richmond, Va., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing by Robert A. Canfield, the trustee herein, of a complaint for revocation and denial of the debtor's discharge in bankruptcy. After hearing, the Court makes the following determination.

## STATEMENT OF THE CASE

John H. Lyons, Jr. (Lyons), the debtor herein, filed a petition in bankruptcy with this Court on June 16, 1980. Lyons claimed exempt in his petition pursuant to Virginia Code § 34–26 a color television valued at $400.00, Connecticut Mutual Life Insurance policy valued at $500.00, and a bank deposit of $60.00. These items were not exemptable under § 34–26 and the trustee objected to the debtor's claim of exemption. At the time he signed his petition on June 16, 1980, Lyons also had in his possession $3,800.00 from the sale of inventory in the Style Shed, a defunct company in which Lyons once owned half interest. Lyons testified he considered the $3,800.00 to be his compensation in lieu of back wages he had earned but had not been paid. In either event, it was his property when received. Lyons failed to list the receipt of the $3,800.00 on his original bankruptcy petition dated June 16, 1980; however, he informed the trustee of the money at the meeting of creditors, which was held July 30, 1980. At the request of the trustee Lyons amended his schedules and in so doing indicated he received $3,800.00 by check on May 31, 1980. At that meeting, Lyons told the trustee he dissipated the entire $3,800.00 between the time he signed his petition and attended his meeting of creditors. He testified at the hearing that he spent $1,400.00 on repairs to his van and that he spent the rest of the money on ordinary living expenses.

Lyons testified that between the time he signed his bankruptcy petition and the time he filed it, he gave the color television to his grandmother as compensation for back rent he had failed to pay. He also testified that he turned his life insurance policy over to the trustee after the trustee initially requested it.

Lyons denied that at the time he spent the money he knew that he had no right to do so. He now admits the property belonged to the trustee. After the trustee filed the complaint to revoke the discharge, Lyons and the trustee entered into settlement negotiations and reached an agreement by which Lyons would make restitution of the funds. Lyons now represents he is financially unable to pay back any of these funds.

The trustee initially asked for an extension of time in which to file a complaint objecting to the debtor's discharge in bankruptcy. That extension expired December

31, 1980 and Lyons received his discharge on January 5, 1981. On July 9, 1981 the trustee filed this complaint for revocation and denial of discharge. After several continuances the matter was set for trial December 17, 1981. It was later continued to January 7, 1982 and to June 10, 1982 at which time trial was held. These continuances were in part on motion of one or the other party and at times on joint motions.

## CONCLUSIONS OF LAW

█ The trustee now asks this Court to revoke the debtor's discharge on the grounds that the debtor has refused to comply with the request of the trustee to turn over to the trustee the money and items which were property of the estate. Section 727(d) of the Bankruptcy Code (11 U.S.C.) provides as follows:

"On request of the trustee or a creditor, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of, or entitlement to, such property, or to deliver or surrender such property to the trustee; or

(3) the debtor committed an act specified in subsection (a)(6) of this section."

Courts are required to construe this section strictly against any objector and liberally in favor of the debtor. *In re Mendoza,* 16 B.R. 990, 993 (Bkrtcy.S.D.Cal.1982). *See also, In re Tabibian,* 289 F.2d 793, 795 (2d Cir. 1961). The Court must strictly construe that statute and revoke discharges only for reasons clearly expressed in the statute. *Mendoza* at 993.

█ Pursuant to Section 727(d) this Court may revoke the debtor's discharge only if the trustee can establish that the debtor knowingly and fraudulently failed to report or deliver to the trustee property of the estate. *In re Black,* 19 B.R. 468 (Bkrtcy.M.D.Tenn.1982). *See also, In re Daugherty,* 14 B.R. 1 (Bkrtcy.S.D.Fla.1981). Absent proof of fraud this Court is unable to revoke the debtor's discharge.

According to the amended schedules Lyons filed with this Court on August 15, 1980, he received the $3,800.00 on May 21, 1980 more than two weeks before he executed his petition in bankruptcy. He testified he thought he was entitled to the money as compensation for unpaid wages. He first reported receipt of the funds at the first meeting of creditors almost two months after he received the money. He dissipated the money prior to the first meeting of creditors so that when he did report the money he had nothing to turn over to the trustee.

In a review of the facts relative to the issue at hand, note that the trustee timely asked for and was granted an extension of time in which to file a complaint objecting to the debtor's discharge in bankruptcy. That extension of time in which to file an objection to discharge expired December 31, 1980 and the discharge was summarily granted January 5, 1981. On July 9, 1981, the trustee filed his complaint for revocation and denial of discharge. After several continuances in part on motion of one or the other party and at times upon joint motions of the parties this matter was heard June 10, 1982.

█ Although sufficient grounds probably exist to deny the debtor a discharge under 11 U.S.C. § 727(a)(2), this Court is not persuaded that the Debtor's conduct entitles this Court pursuant to § 727(d) to revoke the discharge and consequently deny the debtor a discharge. The trustee was fully aware of the debtor's conduct relative to the disposition of his assets prior to the granting of the discharge. To revoke a discharge under § 727(d)(1), the requesting party must not have known of such fraud prior to the granting of the discharge. Here the conduct of the debtor was known

to the trustee. Section 727(d)(2) and § 727(d)(3) contain no such specific limitation. Section 727(d) was derived from § 15 of the Bankruptcy Act of 1898 (11 U.S.C. 33). Section 15 of the Act was amended in 1970 to include what is now § 727(a)(2) and (3) as added grounds for revocation of a discharge. It was a stylistic change so that revocation of a discharge rather than a delay in granting of the discharge would be the preferable procedure and the change was of sufficient strength to prevent abusive tactics by a debtor. *See,* S.Rep.No. 1173, 91st Cong., 2d Sess. 12 (1970). The fact that subparagraphs 727(d)(2) and 727(d)(3) contain no language requiring the knowledge of any fraudulent conduct to be received after the discharge is granted, does not give a party in interest, who has the knowledge of the probable wrongdoing the privilege to wait until after a discharge is granted to ask the court to revoke the discharge. Here the trustee was cognizant of the debtor's actions as early as the meeting of creditors. The debtor did not engage in any abusive tactics after that time. After waiting seven months subsequent to the granting of the discharge which was only after a three months' extension requested by the Trustee, he then elected to ask that this discharge be revoked.

Section 727(d)(2) requires that the debtor knowingly and fraudulently fail to deliver or surrender property to the trustee. The debtor testified he had none of this property at the time he attended the creditor's meeting required by 11 U.S.C. § 341. The debtor's testimony is unrefuted on this point.[1] If in fact he had the property at that time and failed to deliver such property, there would have been a knowing and fraudulent failure to deliver property. These tactics, if engaged in, readily could be considered abusive.

This Court does not condone the conduct of the debtor and does not believe the debtor's statement that he thought he was entitled to keep his wages, however, this misrepresentation taken alone is an insufficient ground for this Court to revoke the debtor's discharge. The trustee has an independent cause of action to recover the money.

With respect to any allegation that the negotiations by the trustee and the debtor to effect a pay back agreement of the monies improperly expended were not in good faith by the debtor, the evidence before the Court indicated these negotiations commenced after the discharge had been granted. Even if these actions were fraudulent, the Court could not find that such conduct amounted to the obtaining of a discharge through fraud since the discharge was granted before the negotiations commenced.

Nothing contained in this opinion is intended to preclude the trustee from any action timely brought to·seek recovery of the alleged assets or their value.

An appropriate Order will issue.

---

**1.** Under § 727(a)(2) the conduct of the debtor in disposing of these assets would have been the basis for a denial of the discharge presuming an intent to hinder, delay, or defraud could be found.