In re Patricia A. FLOWERS, Debtor.

Bankruptcy No. 85–00033.

United States Bankruptcy Court,
M.D. Alabama, N.D.

Dec. 16, 1985.

## ORDER REVOKING DISCHARGE

A. POPE GORDON, Bankruptcy Judge.

A discharge was granted to the debtor, Patricia A. Flowers, by order dated October 15, 1985. Also by order dated October 15, 1985, the debtor was ordered to appear before the court on Tuesday, October 29, 1985, at 9:30 a.m. to be informed of her discharge as required by 11 U.S.C. § 524(d). The debtor failed to appear at the hearing. The hearing was continued and reset for November 12, 1985, and yet again for November 19, 1985, and December 3, 1985. Each time the debtor was given notice and ordered to appear. Each time she failed to appear as ordered.

On December 3, 1985, an order was entered requiring the debtor to appear on December 10, 1985, and show cause, if any she had, why her discharge should not be revoked for failure to obey a lawful order of the court. The debtor failed to appear on December 10, 1985.

Notice of each hearing was supplied to the debtor and her attorney. The court finds that the debtor failed to obey the lawful orders of the court to attend the discharge hearings set for October 29, November 12 and 19, and December 3, 1985. She also failed to attend the show-cause hearing set for December 10, 1985.

The conclusion is that the discharge of the debtor should be revoked. By filing a petition in bankruptcy, the debtor sought and received the protection of the Bankruptcy Code. In return for such protection, the debtor must accept and perform the duties imposed on her by the Code. One of the chief benefits provided by the Code is the discharge of indebtedness. In return, the debtor has a duty under § 521(5) to appear at the discharge hearing required by § 524(d). If the debtor refuses without cause to carry out that duty, as here, she should not have the benefit of a discharge.

The court has a duty to issue orders necessary or appropriate to carry out the provisions of the Bankruptcy Code. See § 105(a). It is both necessary and appropriate to order the discharge revoked in this case for failure of the debtor to carry out her duty to appear at a discharge hearing and for failure of the debtor to obey the lawful order of this court.

Revocation of a discharge is a harsh measure. However, it is the only measure available to the court in the present case. The debtor may not enjoy the benefits of a discharge while at the same time willfully refusing to perform her statutory duty to comply with court orders and to attend a discharge hearing. Therefore, the discharge must be revoked.

If the debtor's actions were not willful and she had good cause for failing to attend her discharge hearing she could have taken steps to protect her discharge.

Attendance at the discharge hearing is not mandatory if the debtor is excused from the hearing and counsel for the debtor has advised the debtor of his rights and duties as outlined in 11 U.S.C. § 524(d). *In re Rennels,* 37 B.R. 81, 9 C.B.C. 1390 (B.C. W.D.Ky.1984). But the debtor must request to be excused.

In this case the debtor, after receiving notice, repeatedly failed to attend hearings or request to be excused. The court concludes that such failure is willful and requires revocation of the discharge.

Therefore, it is ORDERED that—

1. The discharge granted to the debtor in this case is hereby REVOKED.

2. After this order becomes final, the clerk shall give notice thereof to all creditors in the manner required by Rule 2002 of the Federal Rules of Bankruptcy Procedure.