**In re Kenneth L. REECE & Richar M. Reece, Debtors.**

**Harvey FOUT, Plaintiff,**

v.

**Kenneth L. REECE & Richar M. Reece, Defendants.**

**Bankruptcy No. 85–00032.**
**Adv. No. 86–0099.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

May 22, 1987.

Ted I. Coulter, Marion, Ohio, for plaintiff.

Keith A. Kochheiser, Marion, Ohio, for debtors/defendants.

## OPINION AND ORDER REVOKING DISCHARGE AND DENYING MOTION FOR NEW HEARING

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter came on for trial upon plaintiff's complaint to revoke discharge pursuant to 11 U.S.C. § 727(d)(1) on the ground that Debtors'/defendants' discharge was obtained through fraud. Upon consideration of the testimony, stipulations and briefs of the parties, the court finds that Debtor/defendant Kenneth L. Reece's discharge should be revoked and that plaintiff's complaint against Debtor/defendant Richar M. Reece dismissed with prejudice. Debtors'/defendants' have also filed a motion for new hearing which the court finds not well taken and, therefore, should be denied.

### FACTS

Debtors/defendants filed their voluntary joint petition under chapter 7 of the bankruptcy code on January 10, 1985. Debtors listed plaintiff as a creditor having an unsecured contingent claim without priority in the amount of $10,000. Debtors' petition at Schedule A–3. Plaintiff's claim represents an investment in a steel fabrication business to be formed by Debtor Kenneth

L. Reece to be known as Fabco Mfg., Inc. This business, however, was never commenced. Debtor Kenneth L. Reece was thereafter involved in managing an auction house, selling items on consignment, from August, 1985 until it was closed in 1986. Debtors obtained their discharge on May 7, 1985 and their case closed on February 16, 1986.

On May 2, 1986, plaintiff filed the instant complaint for revocation of Debtors' discharge pursuant to 11 U.S.C. § 727(d). Specifically, plaintiff contends that Debtors obtained their discharge through fraud as a result of Debtors' failure to reveal in their schedules, the following machinery, equipment and supplies used in business:

2 Hobart welders

1 drill press

1 Clark fork lift

1 large tool chest with tools

1 Miller-Ideal arc welder

2 Ajax 10 horse compressors

Debtors admit none of these items were included in their petition. Plaintiff also alleges that Debtors knowingly and fraudulently concealed this property from the trustee.

On March 26, 1987, a trial was held on plaintiff's complaint. Thereafter, the parties submitted post-trial briefs. In addition to their post-trial brief, Debtors also submitted a motion for new hearing in order to present additional documentary evidence and testimony unavailable at the trial. Discussion of this motion is included in this opinion and order.

### DISCUSSION

*Complaint to Revoke Discharge*

11 U.S.C. § 727(d) governs plaintiff's complaint and provides in pertinent part:

> On request of ... a creditor ... and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
>
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such

fraud until after the granting of such discharge.

▇▇▇ Plaintiff has the burden of proving by clear and convincing evidence the allegations in his complaint. *In re Puente*, 49 B.R. 966, 968 (Bkrtcy.W.D.N.Y.1985) (citations omitted); *In re Peli*, 31 B.R. 952, 955 (Bkrtcy.E.D.N.Y.1983) (citations omitted). A showing of fraud which is sufficient to revoke Debtors' discharge is fraud in fact such as an intentional omission of assets from Debtors' schedules. 4 *Collier on Bankruptcy* ¶ 727.15, at 727–106 (15th ed. 1987).

Plaintiff contends that Debtors failed to list 2 Hobart welders on their schedules. Debtor Kenneth L. Reece testified that the only welders of which he was aware were 2 Lincoln welders. He sold 2 welders at his auction house in October, 1984. Plaintiff's witness, Charles Rasnick, who was to help manage Debtor's steel fabrication business, indicated that Debtor Kenneth L. Reece acknowledged ownership of 2 Hobart welders during 1984 when commencement of the steel fabrication business was attempted. These welders were brought to the business site by Debtor Kenneth L. Reece in 1984. Mr. Rasnick also testified that he saw these welders at the business site in December, 1985.

Mr. Rasnick also testified that he saw the drill press that same day in December, 1985. Debtor Kenneth L. Reece admitted that he owned this drill press personally, but that he had sold this at the October, 1984 auction and had given $3,000 of the sale proceeds to a bank.

With regard to the fork lift, Debtor Kenneth L. Reece testified that his brother, Ronald Reece, owned this fork lift. Debtor's brother, Ronald Reece, confirmed Debtor's testimony and indicated that he still owned that fork lift today. Mr. Ronald Reece also testified that he permitted Debtor Kenneth L. Reece beneficial use of the fork lift and Debtor Kenneth L. Reece admitted listing the fork lift as an asset in a loan application. Mr. Rasnick testified that Debtor Kenneth L. Reece acknowledged ownership of the fork lift and indicated it would be leased to the business.

Debtor Richar M. Reece testified that she saw the fork lift at the business site after they had received their discharge. Plaintiff and Mr. Rasnick testified that they saw the fork lift at the business site in December, 1985.

Plaintiff also contends that Debtors failed to list a tool chest and tools on their schedules. Plaintiff and Mr. Rasnick testified that they first saw this tool chest at Debtors' residence in 1984 and that this tool chest was moved to the business site in late 1984. Mr. Rasnick testified that he saw this tool chest at the business site in December, 1985. Debtor Richar M. Reece testified that she saw miscellaneous tools at the business site after they had received their discharge. She, however, stated that she was not competent in identifying machinery and equipment. Debtor Kenneth L. Reece testified that he sold a tool set at the auction in October, 1984, prior to his bankruptcy petition.

With regard to the Miller-Ideal arc welder, Mr. Rasnick stated that he first saw this at Debtors' residence and later at the business site in December, 1984. Plaintiff and Mr. Rasnick both testified that they saw this welder at the business site in December, 1985. They stated that they were able to identify this welder as it contained a unique decal.

The 2 Ajax compressors, according to testimony of both Debtor · Kenneth L. Reece and Mr. Rasnick, had been connected together with special adapters. Debtor Kenneth L. Reece testified that he told plaintiff and Mr. Rasnick in December, 1984, that he had sold these compressors. Plaintiff and Mr. Rasnick indicated, however, that they saw these compressors in December, 1985. Mr. Rasnick stated that these compressors were still connected. Debtor Richar M. Reece testified that she saw compressors at the business site after they had received their discharge. However, again, she stated she was not competent in identifying equipment. Debtor Kenneth L. Reece testified that his auction house consigned many compressors which may have been mistaken for the Ajax compressors.

Plaintiff testified, as did Debtor Kenneth L. Reece, that Debtor Kenneth L. Reece told him in December, 1984, that all of the property discussed above had been sold at auction in October, 1984. It was not until plaintiff and Mr. Rasnick visited the business site in December, 1985, that plaintiff became aware that Debtor's representations may not have been accurate. He then instituted the instant proceeding.

In order to revoke a discharge on the basis of fraud:

the debtor's act must have been taken with the knowing intent to defraud the trustee, or be so reckless as to justify a finding that he acted fraudulently.

*Puente,* 49 B.R. at 969 (citations omitted). *See also Knoxville Teachers Credit Union v. Parkey,* 790 F.2d 490 (6th Cir.1986) (sixth circuit used similar standard in determining whether a debt may be excepted from discharge as it was incurred as a result of misrepresentations).

■ Debtors are responsible for accurately and fully completing their bankruptcy petition, schedules and statement of affairs. Debtor Kenneth L. Reece, by his own testimony, stated that he sold welders, a drill press, a tool chest and tools and Ajax compressors in October, 1984. He filed his bankruptcy petition in January, 1985. Page 4 of Official Form No. 7 of Debtors' petition requires Debtors to list any transfers within the year preceding the filing of the original petition. Debtor Kenneth L. Reece made transfers within three months of the filing of Debtors' petition as he admitted that he sold welders, a drill press, a tool chest and compressors in October, 1984. Debtors failed to list this property. Even if the court were to accept Debtor Kenneth L. Reece's version of the disposition of this property, Debtor Kenneth L. Reece's discharge should still be revoked due to the omission of transfers from Debtors' schedules.

Page 4 of Official Form No. 8 of Debtors' petition requires Debtors to list property held for another individual. Debtor Kenneth L. Reece had beneficial use of Ronald Reece's fork lift pursuant to Debtor Kenneth's and Ronald Reece's testimonies.

According to Debtor Richar M. Reece's, plaintiff's and Mr. Rasnick's testimonies, Debtor Kenneth L. Reece still had possession and use of the fork lift after Debtors' discharge. This beneficial interest was also omitted from Debtors' petition.

In *In re Fenninger,* 49 B.R. 307 (Bkrtcy. E.D.Penn.1985), the court in determining the dischargeability of a debt on the ground of actual fraud pursuant to 11 U.S.C. § 523(a)(2) stated that:

proof of actual fraud is required although such fraud may be proved by direct as well as circumstantial evidence, since palpable evidence of the mental state of an individual is rarely, if ever, available.

*Id.* at 310.

Debtor Kenneth L. Reece testified that he can read and write and understand documents. He has also had several businesses of his own prior to that business in which plaintiff invested. Furthermore, Debtor Kenneth L. Reece previously filed bankruptcy in 1965. Yet, he failed to include property and the beneficial interest in the fork lift in Debtors' petition. Debtor Kenneth L. Reece's discharge then should be revoked as he knowingly failed to list the transfer of this property, or, minimally, was so reckless in this omission as to justify a finding of fraud. *See Puente,* 49 B.R. at 969.

■ According to Debtor Richar M. Reece's testimony, Debtor Kenneth L. Reece was involved in the steel fabrication and auction house businesses. She was, and is, employed as a teacher. Debtor Richar M. Reece is not a party to the investment agreement with plaintiff. Furthermore, Debtors' original petition states that Kenneth is obligated to repay plaintiff. Debtors' petition at Schedule A–3. Because Debtor Richar M. Reece was not involved in the business, nor involved in the transfers of these assets, and was apparently without knowledge as to the ownership of these items, the court does not find that she knowingly or recklessly omitted this property from their petition. Her discharge should not be revoked. The court finds, then, that plaintiff's complaint

against Debtor Richar M. Reece is not well taken and should be dismissed with prejudice.

Alternatively, Debtor Kenneth L. Reece, pursuant to testimony of Mr. Rasnick and plaintiff, may still be in possession of this property. Debtor Kenneth L. Reece did not provide documentation of the auction in October, 1984, evidencing sale of these items. The omission of this property was unknown to the trustee and if disclosed would have given the trustee the opportunity to determine its value to the estate.

Additionally, subsection (d) of 11 U.S.C. § 727 states that the court may "revoke a discharge granted under subsection (a) of this section." Subsection (a) states that a discharge shall be granted, unless:

(2) the debtor, with intent to hinder, delay, or defraud a creditor ... has transferred ... or concealed, or has permitted to be transferred ... or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition.

Debtor Kenneth L. Reece did transfer, or permit transfer, of property within one year prior to Debtors' petition. His discharge would not have been granted until investigation of these transfers. The court finds then that plaintiff has met his burden of proof that Debtor Kenneth L. Reece fraudulently omitted property from their schedules and that Debtor Kenneth L. Reece's discharge should be revoked.

*Motion for New Hearing*

Debtors' filed a motion for new hearing as a result of additional documentary evidence and testimony which was previously unavailable. Debtors do not offer any explanation for the documents availability at this time, although all but two pages of this supplementary evidence are dated 1984. Exhibit A, dated September 10, 1984, reflects an invoice from Sims Brothers, Inc. to Kenneth Reece. It lists credit for two welders. However, no further detail regarding these two welders is provided. Additionally, this invoice evidences a transfer of property within one year prior to bankruptcy. Such a transfer should

have been included in Debtors' petition. The next document is an invoice from Reece Mfg. to Sims Brothers, Inc., dated August 17, 1984, reflecting delivery of a welder to Sims Brothers. Again, no detail regarding this welder is provided and the transfer preceded Debtors' bankruptcy petition by five months.

Exhibit B includes a letter from Sims Brothers dated April 21, 1987, stating that it is in possession of a Lincoln welder and identifies its model and serial numbers. Debtors' next proffered document is an invoice to Reece Mfg. for two Lincoln welders identified by model and serial numbers. Also included in this exhibit is a copy of check number 004 showing payment of this invoice. The problem with this exhibit is that plaintiff's complaint refers to Hobart welders and these documents refer to Lincoln welders. Furthermore, testimony regarding model and serial numbers was not adduced at the hearing.

Exhibit C is a copy of a public auction notice in a newspaper which lists air compressors, Lincoln welder, drill press and Miller welder as equipment to be sold. Yet, Debtors do not include any receipts or other documentation evidencing actual sale of these items.

Exhibit D includes a letter dated April 16, 1987, from Acme Air Compressor Co. and indicates that Acme consigned air compressors to Debtor for sale at his auction business. The consignment slips attached to that letter, however, do not reflect any 10 horse power air compressors of which plaintiff complains.

Debtors' proffered documentation does not lend credence to Debtor Kenneth L. Reece's testimony, nor is this documentation dispositive of the issues before the court. Transfers of the welders, even if Debtors' Lincoln welders are the same as plaintiff's Hobart welders, should have been included in Debtors' schedules as these items were transferred within one year prior to Debtors' bankruptcy petition. Additionally, Debtors' documentation does not include disposition of Debtors' tool chest. Debtors' motion for new hearing on

the basis of these documents and testimony regarding same is not well taken and should be denied.

For the foregoing reasons, it is therefore

ORDERED that Debtor Kenneth L. Reece's discharge be, and it hereby is, revoked. It is further

ORDERED that plaintiff's complaint against Debtor Richar M. Reece be, and it hereby is, dismissed with prejudice. It is further

ORDERED that Debtors' motion for new hearing be, and it hereby is, denied.