**In Re Richard K. HALL, Debtor.**

**John J. HUNTER, Trustee, Plaintiff,**

**v.**

**Richard K. HALL, Defendant.**

**Bankruptcy No. 87–0155.**
**Related Case: 86–02642.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Dec. 10, 1987.

John J. Hunter, Toledo, Ohio, trustee.

Phillip Browarsky, Toledo, Ohio, for debtor.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Trial on Complaint to Revoke Discharge.

At the Trial, the parties had the opportunity to present the evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the evidence and arguments, as well as the entire record in this case. Based on that review, and for the following reasons, the Court finds that the Complaint to Revoke Discharge should be Denied.

### FACTS

On December 8, 1987, the Debtor, Richard K. Hall, filed a Chapter 7 Petition. The Debtor had previously filed Bankruptcy under the Bankruptcy Act in 1970 and 1975.

In the Trustee's Complaint to Revoke Discharge, the Trustee alleges that the Debtor, with intent to deceive, supplied to the Trustee false, erroneous and misleading information relative to his income and expenses, thereby concealing his true financial condition.

The Debtor has amended his Income–Expense Statement three times. One basis of the Trustee's Complaint appears to be the fact that the Debtor did not include overtime pay in his budget. It is not disputed that the Debtor was not working any overtime at the time the Petition was filed. However, he had worked overtime a few months before the filing. The Debtor also resumed working overtime sometime after the filing of the Petition. There were no allegations that the Debtor had any control over the hours he worked. In addition, the Trustee also challenged whether the expenses listed by the Debtor were actually paid.

Debtor's counsel asserted that the Income–Expense Statement had been filled out in good faith, and was based on the last pay stub the Debtor received before the Petition. Counsel also argued that the Debtor willingly provided amendments to the Income–Expense Statement to more clearly reflect the Debtor's actual expenses. The amendments primarily reflected increased spending by the Debtor due to his increased income because of a resumption in overtime at the Debtor's place of employment.

## LAW

The grounds for revocation of a debtor's discharge are outlined in 11 U.S.C. § 727(d) and (e). § 727(d) states in pertinent part:

(d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge . . .

 In an action for revocation of discharge, the moving party has the burden of proof. *In re Puente*, 49 B.R. 966, 968 (Bankr.W.D.N.Y.1985). Moreover, it appears that the Plaintiff has the burden of proving all the required elements by clear and convincing evidence. *In re Reece*, 73 B.R. 900, 902 (Bankr.N.D.Ohio 1987); *In re Puente, supra* at 968; *In re Peli*, 31 B.R. 952, 955 (Bankr.E.D.N.Y.1983); 4 *Collier on Bankruptcy* § 727.15 at 727–105 n. 8a (15th ed. 1987). It has also been held that the court must strictly construe the statute governing revocation of discharge. *In re Barrup*, 53 B.R. 215, 219 (Bankr.D.Vt. 1985); *In re Lyons*, 23 B.R. 123, 125 (Bankr.E.D.Va.1982); *In re Mendoza*, 16 B.R. 990, 993 (Bankr.S.D.Cal.1982).

Section 727(d)(1) requires that the party requesting revocation did not know of the fraud until after the discharge was granted. Revocation is restricted to acts of fraud which are discovered after the discharge. Thus, a party requesting revocation has the burden of proving lack of knowledge of the fraud prior to discharge, and failure to carry this burden is fatal to the movant's case. 4 *Collier on Bankruptcy* § 727.15[3] at 727–107 (15th ed. 1987).

In the present case, the Trustee stated in his Complaint that he did not discover the "concealment" until subsequent to the granting of the discharge. However, no proof of this fact was offered at Trial. As stated in *In re Reese, supra* at 902, "Plaintiff has the burden of proving by clear and convincing evidence the allegations in his complaint." Therefore, as no proof of the Trustee's lack of knowledge of the relevant facts prior to the discharge was adduced at Trial, the Debtor's discharge cannot be revoked.

Accordingly, it is

ORDERED that the Trustee's Complaint to Revoke Discharge be, and is hereby, DENIED.