In re Jardy S. JONES and Eulalia
A. Jones, Debtors.

Steve H. MAZER, Trustee, and
Tadjin Gillani, Plaintiffs,

v.

Jardy S. JONES and Eulalia
A. Jones, Defendants.

Bankruptcy No. 7–92–13609 MF.
Adv. No. 93–1178 M.

United States Bankruptcy Court,
D. New Mexico.

Feb. 2, 1995.

**2**

Steve H. Mazer, Albuquerque, NM.

Michael M. Rueckhaus, Albuquerque, NM.

Daniel J. Behles, Albuquerque, NM.

MEMORANDUM

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court upon the Trustee's complaint to revoke the Debtors' discharge pursuant to 11 U.S.C. § 727(e)(1).[1] The Court, having reviewed the pleadings, heard the evidence, and being otherwise fully advised finds that the trustee has not proved that the debtors obtained their discharge through fraud and, therefore, the complaint should be dismissed.

FACTS

The trustee asks this court to revoke the debtors' discharge because they failed to disclose in their statements and schedules that they had transferred their interest in a Farmington, New Mexico trailer park to their son within one year of filing their Chapter 7 petition. The relevant facts include the following:

1. In 1975, the debtors, as buyers, entered into a real estate contract for the purchase of a trailer park (Exhibit B).

2. The debtors executed an assignment of the real estate contract dated February 15, 1986, purporting to transfer their interest in the trailer park to their son, Derek (Exhibit B).

3. On November 3, 1989 the debtors executed an assignment of the real estate contract to their four children, Derek, Eric, Jolene and Sharlene. The assignees' acceptance is dated October 25, 1991 (Exhibit D). That assignment was never recorded.

4. On September 17, 1991 the debtors executed and recorded a quitclaim deed on the trailer park to Derek, Eric, Jolene and Sharlene (Exhibit C).

5. On October 7, 1991, a transcript of judgment in favor of Tadjin Gillani and against the debtors was recorded in San Juan County. Gillani is a co-petitioner in this proceeding.

6. On April 22, 1992, the assignment to Derek dated 1986 was recorded (Exhibit B).

7. On August 28, 1992, Gillani filed an action in San Juan County to set aside the 1991 quitclaim deed and the 1992 recording of the assignment. That action is pending.

8. On October 13, 1992, the debtors, pro se, filed their Chapter 7 petition.

9. On December 10, 1992 the debtors appeared pro se at the first § 341 meeting.

10. The debtors obtained counsel and on January 7, 1993, filed amended schedules.

11. On February 12, 1993, at the continued § 341 meeting, Jardy Jones provided to the trustee a Statement of Facts about the trailer park, which includes a reference to the assignment (Exhibit 1).

12. On February 8, 1993, the sixty-day period for objecting to discharge under 11 U.S.C. § 727 expired.

13. On May 14, 1993, the debtors were granted a discharge.

14. On June 8, 1993 the Trustee filed his petition to revoke the debtors' discharge.

Section 11 U.S.C. § 727(e)(1) provides:

(e) The trustee . . . may request a revocation of a discharge—

---

1. The petition refers to § 728.

(1) under subsection (d)(1) of this section within one year after such discharge is granted; ...

Subsection (d)(1), in turn, provides:

(d) On request of the trustee, ... and after notice and a hearing, the court shall revoke a discharge ... if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

The trustee claims that on April 22, 1992 the debtors recorded, or caused to be recorded, the assignment to Derek, that this was a transfer of property within one year of filing bankruptcy, and the debtors' failure to disclose the transfer was fraudulent and they obtained their discharge as a result. The trustee also claims that he did not know about the fraud until after the date of discharge. The debtors claim the transfer took place no later than September 17, 1991, when the quitclaim deed was recorded, and they deny any fraudulent intent in failing to disclose the assignment in their schedules.

At trial, the Court granted the debtors' motion to dismiss the complaint as to the copetitioner, Tadjin Gillani. The Court heard argument and evidence on the Trustee's claim.

## DISCUSSION

██ The trustee's complaint is timely, having been brought within one year of the granting of the debtors' discharge. 11 U.S.C. § 727(e)(1). To prevail, the trustee must prove by a preponderance of the evidence that (1) the debtors obtained their discharge through fraud; and (2) he did not know about the fraud until after the granting of the discharge. 11 U.S.C. § 727(d)(1). *See Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (standard of proof in dischargeability claims is by a preponderance of the evidence). Section 727(d)(1) is strictly construed against the objector and liberally in favor of the debtor. *In re Lyons,* 7 C.B.C.2d 466, 468, 23 B.R. 123 (E.D.Va.1982).

*Knowledge of fraud.*

██ The trustee claims he did not know about the assignment until June of 1993, when he met with Mr. Rueckhaus, Mr. Gillani's attorney in the state court proceeding. The amended schedules, filed January 7, 1993 disclose the existence of the Gillani lawsuit but cannot be said to have put the trustee on notice about the assignment. The earliest the Trustee reasonably could have been expected to have known about the assignment was at the continuation of the 341 meeting on February 12, 1992, when Jardy Jones gave to the Trustee the Statement of Facts about the trailer park and discussed the Gillani lawsuit. By then, more than sixty days had elapsed since the date set for the first meeting of creditors and, therefore, the period for filing objections to discharge under § 727(a) had expired. At this point, the debtors were entitled to a discharge and the trustee's remedy was to seek a revocation of discharge. *Collier on Bankruptcy,* § 4004.03[4] (15th Ed.) *See* B.R. 4004(c)[2]; *In re Dietz,* 23 C.B.C.2d 1006, 914 F.2d 161 (9th Cir.1990) (discharge effective immediately upon expiration of the 60-day period so long as no objections filed).

*Fraud.*

The trustee alleges the debtors fraudulently concealed that the trailer park was transferred to Derek by the recording of the assignment in April, 1992. It is undisputed that the recording of the assignment was not disclosed in the debtors' schedules. The question is whether this omission was fraudulent.

██ For the discharge to be revoked, there must be fraud in the procurement of the discharge. *In re Jones,* 71 B.R. 682, 684 (S.D.Ill.1987). The debtors must have committed a fraud that, if known to the court prior to discharge, would have barred the discharge. *In re Peli,* 31 B.R. 952, 955 (Bkrtcy.E.D.N.Y.1983). The fraud to be shown is fraud in fact, involving moral turpitude or intentional wrong. *In re Zahrald-*

---

2. In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge ..., the court shall forthwith grant the discharge unless ... (2) a complaint objecting to the discharge has been filed....

**4**

*din,* 1 B.R. 621, 623 (Bkrtcy.E.D.Va.1979) (use of incorrect, but substantially correct address in notices to creditor did not demonstrate subjective intent to deny notice warranting revocation of discharge).

 The trustee has alleged that the debtors transferred their property within one year of filing, which would be grounds for denying them a discharge under § 727(a)(2).[3] Under that section, the trustee must show that the debtor acted with actual intent to hinder, delay or defraud the trustee. *In re Meo,* 84 B.R. 24, 28 (Bkrtcy.M.D.Pa.1988). A similar standard applies to a claim for objection to discharge based on the filing of a false statement, under 11 U.S.C. § 727(a)(4)(A). The fact that relevant information is missing is, in itself, insufficient grounds revoke a discharge. The false statement must have been made with an intent to deceive. *In re Shebel,* 54 B.R. 199, 203–04 (Bkrtcy.D.Vt.1985) (debtor's knowing omission of creditor from schedules not grounds for denial of discharge when schedules voluntarily amended at later date).

In this case the trustee argues that the debtors' failure to disclose the recording of the assignment was fraudulent in that they treated the trailer park as their own property, enjoyed beneficial ownership of it, and attempted to transfer the property to their children under suspicious circumstances that should have been disclosed in time for the trustee to make appropriate inquiry and file an objection to discharge. The issues underlying those conveyances are the subject of another adversary proceeding. In the present case, this court must decide the narrower question of whether the trustee has proved that the debtors intentionally failed to disclose the recording of the assignment on their schedules in order to defraud their creditors. The Court finds the trustee has not proved the requisite intent.

First, the debtors had reason to believe they had transferred the property to their children more than one year before they filed for bankruptcy. The evidence shows the execution of documents purporting to transfer their interest dated 1986, the assignment to Derek, and 1991, the quitclaim deed. Second, the debtors filed their petition and original schedules pro se. There has been no showing that the debtors were sophisticated enough to understand the need for full disclosure about all transactions involving the trailer park. It was this lack of sophistication that prompted the trustee to continue the § 341 meeting to allow the debtors to amend their pleadings and obtain counsel. Third, the debtors retained counsel and relied on his advice in filing their amended schedules. In the course of that representation, their attorney determined that section 10 of the Statement of Financial Affairs, pertaining to transfers within one year of filing, did not need to be amended.[4] Under the circumstances, the debtors' reliance on counsel's determination in this regard was not misplaced. Finally, at the continued 341 meeting Jardy Jones, apparently voluntarily, presented to the trustee a summary of events concerning the trailer park which includes a reference to the assignment and which, though self-serving, discloses essential facts about the conveyances. Although the trustee did not receive this information until it was too late to file a timely objection to discharge, there is no indication this timing was in any way calculated or controlled by the debtors to their benefit. For these reasons, given the underlying policies of the Code favoring discharge, *Lyons, supra,* the trustee's complaint should be dismissed.

This opinion shall constitute the Court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

---

**3.** 727. Discharge.

(a) The court shall grant the debtor a discharge, unless—

\*   \*   \*   \*   \*   \*

(2) the debtor, with intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under this title,

has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition;  . . .

**4.** Motion to Alter or Amend Judgment, par. 14, filed 12/9/93 in case number 7–92–13609MF.