**In re Robert T. REESE and Bonnie M. Reese, Debtors.**

**Joseph D. OLSEN, Trustee, Plaintiff,**

v.

**Robert T. REESE and Bonnie M. Reese, Defendants.**

Bankruptcy No. 95 B 50826.
Adversary No. 96 A 5062.

United States Bankruptcy Court,
N.D. Illinois,
Western Division.

Jan. 2, 1997.

David A. Aaby, Rockford, IL, for Trustee.

John E. Barsanti, Roselli, IL, for Debtor–Defendants.

## MEMORANDUM OPINION

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Motion of the Plaintiff, Chapter 7 Trustee ("Trustee") Joseph D. Olsen, for Summary Judgment; Plaintiff's Statement of Uncontested Facts Pursuant to Local Rule 402M; Plaintiff's Memorandum of Law; the Response of the Debtor–Defendants, Robert T. and Bonnie M. Reese, to Motion for Summary Judgment; Defendants' Statement of Uncontested Facts Pursuant to Local Rule 402M [sic]; and Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Summary Judgment.

## STANDARDS FOR SUMMARY JUDGMENT

To prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Federal Rule of Civil Procedure ("FRCP") 56, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. *See* Fed. R.Civ.P. 56. Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The primary purpose for granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. *Trautvetter v. Quick,* 916 F.2d 1140, 1147 (7th Cir.1990); *Farries v. Stanadyne/Chicago Div.,* 832 F.2d 374, 378 (7th Cir.1987) (quoting *Wainwright Bank & Trust Co. v. Railroadmens Federal Sav. & Loan Ass'n of Indianapolis,* 806 F.2d 146, 149 (7th Cir. 1986)).

The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). "Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence." *National Soffit & Escutcheons, Inc. v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir.1996) (citing *Hughes v. Joliet Correctional Ctr.,* 931 F.2d 425, 428 (7th Cir.1991)). "Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue allege specific facts showing that there is no genuine issue for trial by his own affidavit or by the depositions, answers to interrogato-

ries, and admissions on file." *Id.* (citation omitted).

The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510. There is no genuine issue for trial if the record, when taken as a whole, could not lead a rationale trier of fact to find for the non-moving party. *Matsushita Elec.,* 475 U.S. at 587, 106 S.Ct. at 1356.

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment...." *Anderson,* 477 U.S. 242, 106 S.Ct. 2505.

\* \* \* \* \* \*

 Pursuant to Local Bankruptcy Rule 402M, a party moving for summary judgment must file a statement of material facts as to which the moving party contends there is no genuine issue. *See* Local Bankr.R. 402M.[1] Rule 402M dictates the form and format of the statement of uncontested facts. The rules are to be complied with strictly. *In re*

*Marino,* 201 B.R. 234, 238 (Bankr.N.D.Ill. 1996) (citations omitted).

The party opposing a summary judgment motion is required by Local Bankruptcy Rule 402N to respond to the movant's 402M statement, paragraph by paragraph, and to set forth any material facts which would require denial of summary judgment, specifically referring to the record for support of each denial of fact. *See* Local Bankr.R. 402N.[2]

Local Rule 402N(3)(b) gives the opposing party the opportunity to set forth additional facts. The additional facts, like the movant's 402M statement, must be supported by reference to affidavits, parts of the record, and other supporting materials relied upon. *See* Local Bankr.R. 402N(3)(b).

\* \* \* \* \* \*

The Trustee filed a 402M statement containing numbered paragraphs that set out the assertedly uncontested facts. The paragraphs refer to various supporting documents including pleadings and affidavits.

The Defendants, however, filed their own Statement of Uncontested Facts without

---

1. M. Motions for Summary Judgment; Moving Party.

> With each motion for summary judgment filed pursuant to Fed.R.Civ.P. 56 (Fed.R.Bankr.P. 7056), the moving party shall serve and file—
> (1) any affidavits and other materials referred to in Fed.R.Civ.P. 56(e);
> (2) a supporting memorandum of law; and
> (3) a statement of material facts as to which the moving party contends there is no genuine issue and that entitles the moving party to judgment as a matter of law that includes:
> (a) a description of the parties; and
> (b) all facts supporting venue and jurisdiction in this Court.
> The statement of facts referred to in (3) shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion.
> If additional material facts are submitted by the opposing party pursuant to section N of this rule, the moving party may submit a concise reply in the form prescribed in section N for a response. All material facts set forth in the statement filed pursuant to section N(3)(b) will be deemed admitted unless controverted by the statement of the moving party.
> Local Bankr.R. 402M.

2. N. Motions for Summary Judgment; Opposing Party.

> Each party opposing a motion under Fed.R.Civ.P. 56 (Fed.R.Bankr.P. 7056) shall serve and file the following:
> (1) any opposing affidavits and other materials referred to in Fed.R.Civ.P. 56(e);
> (2) a supporting memorandum of law; and
> (3) a concise response to the movant's statement of facts that shall contain:
> (a) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon; and
> (b) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon. All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.
> Local Bankr.R. 402N.

making specific responses to the Trustee's.[3] The failure to properly or adequately controvert proper assertions results in the assertions being admitted. *See e.g., In re Bryson,* 187 B.R. 939, 944 (Bankr.N.D.Ill.1995) (failure to comply with Rule 402N results in movant's assertions of undisputed facts being deemed admitted). The Trustee's facts are deemed admitted. The additional facts set forth in the Debtors' statement are wholly unsupported and the Court will treat them accordingly.

## FACTS

The Debtors filed for relief under Chapter 7 of the Bankruptcy Code ("Code") on April 20, 1995. The Debtors' schedules did not list the receipt of an income tax refund. Question 17 of Schedule B, which states "Other liquidated debts owing debtor include tax refunds," indicated "NONE". At the Section 341 Meeting, the Debtors did not disclose the receipt of any type of income tax refund.

Subsequent to the Section 341 Meeting, on July 19, 1995, the Trustee requested certain documents, including income tax returns, from the Debtors. The Debtors failed to turn over the requested information before the entry of the Order of Discharge on August 10, 1995. After a renewed request for the information in September of 1995, the Trustee received the Debtors' 1994 federal and state income tax returns that revealed

their entitlement to income tax refunds of $4,065.00 and $192.00, respectively. The Debtors' bank statement revealed that the federal income tax refund was deposited into their bank account on the day after the filing of the bankruptcy petition. Their bank statement also revealed a deposit of $192.00 on April 25, 1995, five days after the bankruptcy filing.[4]

On November 27, 1995, the Trustee demanded that the Debtors turn over the income tax refunds. On June 21, 1996, within one year of the entry of the Order of Discharge, the Trustee filed a complaint to revoke discharge. The complaint alleges that the Debtors have failed and refused to turn over the income tax refund proceeds. *See* Trustee's Complaint at ¶ 7. The Trustee brought the complaint pursuant to Section 727(d)(2).

Additionally, on June 21, 1996, the Trustee filed a Motion to Compel Turnover of Property of the Estate and for Sanctions ("Motion to Compel Turnover"). This matter was heard on July 3, 1996. On July 26, 1996, the Court entered a judgment in favor of the Trustee and against the Debtors in the sum of $4,257.00 as and for the estate's interest in the Debtors' 1994 income tax refund. On August 22, 1996, a "Stipulation and Order" between the Trustee and the Debtors was entered.[5]

---

3. The Debtors refer to their statement as "Defendants Statement of Uncontested Facts Pursuant to Local Rule 402M." The appropriate heading should be the "Defendants' Statement of Uncontested Facts Pursuant to Local Rule 402N", or, if this statement was to provide additional facts, it would have been brought pursuant to Local Rule 402N(3)(b). The Debtors' statement includes the following:
 1. Defendant Robert Reese is a man of advanced years and declining health.
 2. The tax return was filed by their accountant from information provided by them and on forms signed by them at an earlier date and that at the time of the filing of the Petition they were not aware of any return [sic] due to them.
 3. Defendants provided all documents requested by trustee in his July request as well as all documents requested subsequently which arose out of the July request.
 4. That upon demand for the funds, defendants, through their attorney, acknowledged the tax return [sic] was the property of the estate.

5. That the order entered on July 26, 1996 was an order agreed to by the defendants for the amount of the tax return [sic] and for the trustee's costs in collection.
6. That at no time did defendants refuse to coperate [sic] with the trustee in his attempt to determine the existence of the tax return [sic] but in fact their full coperation [sic] with all requests for documents resulted in trustee's determination of the existence of the said return [sic].

4. The Debtors' bank statements also were not turned over until after the Order of Discharge was entered.

5. The "Stipulation and Order" recognizes that the Court awarded a judgment on July 26, 1996, in favor of the Trustee and against the Debtors for $4,257.00, and that the Trustee filed a Motion to Compel Turnover. The parties agreed to the following pertinent stipulations:
 1. Should the Debtors, on or before September 15, 1996, repay the sum of $6,757.00 to

The Debtors paid the Trustee $4,257.00 on September 22, 1996, to "satisfy" the judgment entered on the Trustee's Motion to Compel Turnover of the income tax refund.

## DISCUSSION

■ Section 727(d)(2) of the Code states in pertinent part—

(d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

. . . . .

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee[.]

11 U.S.C. § 727(d)(2).

■ The provision for revocation of a debtor's discharge is construed strictly against the objecting party and in favor of the debtor. *Mazer v. Jones (In re Jones),* 178 B.R. 1, 3 (Bankr.D.N.M.1995). The objecting party bears the burden of proof in a Section 727(d)(2) action. *Matter of Yonikus,* 974 F.2d 901, 904 (7th Cir.1992) (citing *Werner v. Puente (In re Puente),* 49 B.R. 966, 968 (Bankr.W.D.N.Y.1985)). A split in authority, however, exists regarding the burden of proof necessary to establish the elements of Section 727(d). Some courts apply a preponderance of the evidence standard. *See e.g., First Nat. Bank of Gordon v. Serafini (In re Serafini),* 938 F.2d 1156, 1157 (10th Cir.1991); *Bowman v. Belt Valley Bank (In re Bowman),* 173 B.R. 922, 925 (9th Cir. BAP 1994); *United States v. Walters (In re Walters),* 176 B.R. 835, 875 (Bankr.N.D.Ind.

1994); *Baumgart v. Deskins (In re Deskins),* 171 B.R. 596, 598 (Bankr.N.D.Ohio 1994); *Buckstop Lure Co. v. Trost (In re Trost),* 164 B.R. 740, 744 (Bankr.W.D.Mich.1994). Other courts require a clear and convincing standard. *See e.g., Drewes v. Magnuson (In re Magnuson),* 113 B.R. 555, 558 (Bankr.D.N.D. 1989); *Bear Stearns & Co., Inc. v. Stein (In re Stein),* 102 B.R. 363, 367 (Bankr.S.D.N.Y. 1989); *Hunter v. Hall (In re Hall),* 84 B.R. 472, 474 (Bankr.N.D.Ohio 1987); *Fout v. Reece (In re Reece),* 73 B.R. 900, 902 (Bankr. N.D.Ohio 1987); *In re Kirschner,* 46 B.R. 583, 586 (Bankr.E.D.N.Y.1985). The Court finds that a preponderance of the evidence standard is the appropriate burden of proof. *Walters,* 176 B.R. at 875. The Trustee must prove by a preponderance of the evidence that the Debtors acquired property of the estate and knowingly and fraudulently failed to report it or to deliver it to the Trustee.

■ The Seventh Circuit in *Yonikus* set forth the ways the Trustee can establish fraud:

The trustee may prove the debtor's fraud by evidence of the debtor's awareness of the omitted asset and by showing that the debtor knew that failure to list the asset could seriously mislead the trustee or that the debtor acted so recklessly in not reporting the asset that fraud is implied. The bankruptcy court's finding of fraudulent intent may be based on inferences drawn from a course of conduct. Additionally, fraudulent intent may also be inferred from all of the surrounding circumstances.

*Yonikus,* 974 F.2d at 905–06 (citations omitted).

■ Under Section 727(d)(1), the trustee, as the requested party, must not have known of the debtor's fraud until after the granting of the discharge. Under Section 727(d)(2), no requirement of lack of knowledge is expressly provided in the statute, but courts

the Trustee by certified funds, cashier's check or money order (said sum representing the judgment for the income tax refund and $2,500.00 as an agreed upon sanction) then the Trustee will enter an Order withdrawing his Motion to Compel Turnover and for Sanctions;

2. Should the Debtors fail to pay to the Trustee the aforedescribed sum on or before Sep-

tember 15, 1996 then the Trustee shall tender to the Court an Order entering judgment against the Debtors, jointly and severely, for sanctions in the amount of $5,000.00, said judgment being in addition to the judgment heretofore entered for the 1994 income tax refund[.]

have interpreted the language to require the trustee to learn of the fraud after the discharge was granted. *Dietz v. Mitchell (In re Dietz),* 914 F.2d 161, 163 (9th Cir.1990) (citation omitted); *In re Couch,* 54 B.R. 682, 685 (Bankr.E.D.Ark.1985).

\*　\*　\*　\*　\*　\*

Here, the Trustee did not learn about the entitlement to and the receipt of the income tax refund until after the Order of Discharge. The Debtors' schedules did not reveal their entitlement to the income tax refund, nor did the Debtors disclose the information at the Section 341 meeting. The Trustee had requested the income tax returns after the Section 341 Meeting held on July 19, 1995, which was approximately one month prior to the entry of the Order of Discharge. The Trustee, however, did not receive the information until after he made a renewed request in September of 1995.

The Court agrees with the Trustee's substantive arguments. The Debtors' course of conduct raises the inference that the Debtors possessed the requisite fraudulent intent necessary to revoke their discharge under Section 727(d)(2).

The Debtors did not voluntarily disclose their entitlement to their income tax refund, yet on the day following the filing of their bankruptcy petition, they deposited the income tax refund into their bank account.[6] Thus, even if they were not aware of the income tax refund prior to the bankruptcy filing, they knew about it the next day. More important, the Debtors were surely aware of the income tax refund at the time of the Section 341 Meeting in June.

Despite this knowledge, the Debtors were extremely lax in providing the Trustee with the requested documentation. The Trustee was compelled to make repeated demands for documents, including the income tax returns.

The income tax refund also was not immediately turned over to the Trustee. Rather, the Trustee had to file a Motion to Compel Turnover in June of 1996 and a Court order was entered on July 26, 1996, granting judgment in favor of the Trustee. This was approximately seven months after the Trustee's initial request for turnover. Thus, the income tax refund was turned over only after considerable efforts by the Trustee.

The Debtors did turn over the requested information and the income tax refund in satisfaction of the judgment entered in favor of the Trustee.[7] The Debtors' actions, however, cannot be considered cooperative. Cooperation would have been the voluntary disclosure of the tax refund, the immediate turnover of the requested information and the immediate turnover of the income tax refund.

The Bankruptcy Rules clearly indicate that one of the duties of the debtor is to cooperate with the trustee in the administration of the estate. Fed.R.Bankr.P. 4002(4). Furthermore, courts addressing other subsections of Section 727 conclude that a debtor is under an affirmative duty to cooperate with the trustee by providing all requested information, and that failure to comply constitutes grounds for denial of discharge. *See e.g. Thaler v. Erdheim (In re Erdheim),* 197 B.R. 23, 28 (Bankr.E.D.N.Y. 1996) (Section 727(a)(4)(D)) (citations omitted).

Here, the Debtors' actions were not cooperative, but instead amounted to a knowing and fraudulent failure to report to the Trustee the entitlement to or the acquisition of property of the estate. The eventual turn-

---

6. The Debtors asserted that they had pre-signed their income tax returns before giving them to their accountant and that at the time of the bankruptcy filing they were unaware of any income tax refund. The Debtors provide no support for this assertion.

A glance at the copies of the income tax returns given to the Trustee by the Debtors easily refutes their assertions. No signatures appear on the income tax returns. Additionally, the income tax returns were prepared prior to the filing of the bankruptcy and therefore the infor-

mation regarding the income tax refund was available to the Debtors.

7. The Debtors affirmatively state in their response to the Trustee's Motion for Summary Judgment that the Order of July 26, 1996, was agreed to by the Debtors. The Court's review of the Order does not indicate that the Debtors agreed to it. On the other hand, the "Stipulation and Order" of August 22, 1996, was agreed to by the parties.

over of the funds does not cure the original fraud. The Debtors' deposit of the income tax refund well before the Section 341 Meeting reveals a knowing and fraudulent failure to deliver the income tax refund to the Trustee.

■■■ The Court recognizes that revocation of a discharge is a harsh measure and it runs contrary to the general concept of providing a debtor with a fresh start. *Anderson v. Poole (In re Poole),* 177 B.R. 235, 239 (Bankr.E.D.Pa.1995) (citations omitted); *In re Flowers,* 55 B.R. 661, 662 (Bankr. M.D.Ala.1985). On the other hand, a debtor does not have a constitutional right to a discharge. *United States v. Kras,* 409 U.S. 434, 445, 93 S.Ct. 631, 638, 34 L.Ed.2d 626 (1973). A debtor seeking the benefit of a discharge pays a price. That price is the performance of certain duties, such as cooperation with the Trustee.

■■■ One of the most common egregious omissions of a debtor in bankruptcy is the failure to list the entitlement to an income tax refund. Here, the Debtors' failure to reveal the tax refund and their delay in turning over pertinent documents is tantamount to concealment. Concealment of assets alone is sufficient to deny a discharge. *Watson v. Jackson (In re Jackson),* 141 B.R. 702, 706 (Bankr.D.Ariz.1992). In the realm of revocation of a discharge, concealment of assets is sufficient to find fraudulent intent on the part of the Debtors. *See Yonikus,* 974 F.2d at 906. Therefore, concealment is cause to revoke a discharge.

Although the burden of proof employed, as discussed earlier, is a preponderance of the evidence, the facts here support even the greater burden of clear and convincing.

The Court finds that there is no genuine issue of material fact and as a matter of law the Debtors possessed the requisite fraudulent intent to revoke their discharge under Section 727(d)(2).

The Motion of the Chapter 7 Trustee, Joseph D. Olsen, for Summary Judgment should be granted.

Attorney Aaby should submit an Order accordingly.